# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 38305

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

PHILLIP JAMES MORGAN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

Boise, November 2012 Term

2013 Opinion No. 14

Filed: January 25, 2013

Stephen Kenyon, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

The district court order denying the motion to suppress is <u>reversed</u>, the judgment of conviction is <u>vacated</u> and the case is <u>remanded</u> to the district court for further proceedings consistent with this opinion.

Sara B. Thomas, State Appellate Public Defender, Boise, for appellant. Jason Pintler argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Kenneth Jorgensen argued.

---

HORTON, Justice.

This case arises from the traffic stop and subsequent arrest of Phillip James Morgan. A Boise City police officer observed Morgan driving in a way that caused the officer to believe Morgan was trying to avoid him. The officer initiated a traffic stop after observing that Morgan's vehicle did not have a front license plate and after Morgan stopped his vehicle on a roadway, believing these to be violations of I.C. §§ 49-428 and 49-659, respectively. Morgan was subsequently arrested for DUI. Morgan filed a motion to suppress all evidence garnered from the traffic stop, arguing the officer did not have reasonable suspicion to initiate the stop. The district court concluded that although Morgan may not have actually violated these traffic laws, the officer had reasonable articulable suspicion to believe that he had done so. Morgan's motion to suppress was denied, and he was convicted of felony DUI after a jury trial. Morgan timely appealed his conviction, arguing it was error for the district court to deny his motion to suppress.

1

We reverse the district court's order denying the motion to suppress, vacate the judgment of conviction and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

A Boise City police officer was on patrol on a Friday night when he observed an SUV driving without a front license plate. He turned to follow the vehicle to determine whether it was a vehicle licensed in Idaho, as any vehicle licensed in Idaho must have a front and rear license plate. While the officer followed the SUV, it made a series of left-hand turns, ending up where the officer first began following it. The officer stated that the driver of the SUV was either very lost or was trying to avoid him. However, the SUV did not violate any traffic laws. At that point, the SUV pulled to the right but remained on the roadway. The officer was able to determine that the SUV was not registered in the state of Idaho. The officer initiated a traffic stop, believing the driver of the SUV had committed an infraction of Idaho Code by blocking the roadway. After approaching the vehicle and conducting field-sobriety tests, the officer arrested Morgan for DUI.

Prior to trial, Morgan moved to have all evidence obtained as a result of the traffic stop suppressed. Morgan argued that there was no reasonable and articulable suspicion that he was operating his vehicle contrary to traffic laws. In a written decision, the district court denied Morgan's motion, holding:

> It goes without saying that [the officer's] suspicion that Mr. Morgan was avoiding him was not the type of suspicion sufficient to permit an investigatory stop and detention. Nevertheless, at the time of the initiation of the temporary stop and detention, that is, when the overhead lights went on subsequently to Mr. Morgan's voluntary stop, [the officer] also had a reasonable articulable suspicion that the defendant had violated I.C. Sections 49-428 and 49-659.

Morgan's case then proceeded to trial and he was found guilty. The district court imposed an eight year sentence, with two years fixed, and retained jurisdiction. Morgan timely appealed, asserting that the district court erred by denying his motion to suppress.

## II. STANDARD OF REVIEW

Determinations of reasonable suspicion are reviewed de novo. *State v. Munoz*, 149 Idaho 121, 127, 233 P.3d. 52, 58 (2010). "However, in conducting that review the appellate court 'should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers.'" *Id.* (quoting *Ornelas v. United States*, 517 U.S. 690, 699 (1996)). The review must be based on the totality of the circumstances rather than examining each of the officer's

2

observations in isolation. *Id.* (citing *United States v. Arvizu*, 534 U.S. 266, 274, 122 S.Ct. 744, 751, 151 L.Ed.2d 740, 750 (2002)).

### III. ANALYSIS

The State concedes that the district court erred in its conclusion that the officer had a reasonable articulable suspicion that Morgan had violated I.C. §§ 49-428 and 49-659. Instead, in its Respondent's Brief, the State first proffered Boise City Ordinance 10-11-04 as justification for the stop. The State argues that because reasonable suspicion is an objective determination, it did not matter that neither the police officer nor the prosecutor appeared to be aware of Boise City Ordinance 10-11-04 at the time of the traffic stop and the subsequent suppression hearing. At oral argument, the State announced its intention to move this Court to augment the record with the city ordinance pursuant to Idaho Appellate Rule 30.2. A written motion was later filed, along with a certified copy of the Boise City Ordinance. This Court denied the motion to augment the record on due process grounds, holding that Morgan had not had a fair opportunity to present evidence with regard to Boise City Ordinance 10-11-04. As the ordinance is not properly before this Court for consideration, we will not consider this justification for the stop.

Despite the State's concession, this Court is nevertheless obligated to independently determine whether the facts adduced at the suppression hearing justified the traffic stop of Morgan. "Traffic stops constitute seizures under the Fourth Amendment." *State v. Henage*, 143 Idaho 655, 658, 152 P.3d 16, 19 (2007). Limited investigatory detentions are permissible when justified by an officer's reasonable articulable suspicion that a person has committed, or is about to commit, a crime. *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009). "Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts." *Id.* Reasonable suspicion requires more than a mere hunch or "inchoate and unparticularized suspicion." *Id.* (quoting *United States v. Sokolow*, 490 U.S. 1, 7, (1989)). The test for reasonable suspicion is based on the totality of the circumstances known to the officer at or before the time of the stop. *Id.*

The police officer's suspicion of Morgan was based primarily on a series of four left-hand turns that Morgan made. Although the officer stated that he believed Morgan may have been trying to avoid him, the officer provided no factual justification for that belief. Absent other circumstances, driving around the block on a Friday night does not rise to the level of specific, articulable facts that justify an investigatory stop. The district court did not err in its

determination in this regard. Thus, we turn our attention to the statutory bases advanced by the district court as justifying Morgan's initial detention.

Idaho Code § 49-428 requires that a vehicle registered in Idaho display both front and rear license plates. This requirement does not extend to vehicles registered in other states. The police officer in this case recognized this fact under cross-examination. Describing his observations prior to the stop, the officer testified as follows:

> Q:      Okay. And at that point, did you see the rear plate, which state it was out of?
>
> A:      I did. And I remembered that it was not Idaho.
>
> Q:      Okay. So at that point, there was no reason to pull them over for a license plate violation.
>
> A:      Correct.

In view of Idaho law and this testimony, the district court erred in its determination that the officer had a reasonable suspicion to believe that a violation of I.C. § 49-428 had occurred.

Idaho Code § 49-659(1) provides as follows:

> Outside a business or residential district no person shall stop, park or leave standing any vehicle, whether attended or unattended, upon the roadway *when it is practicable to stop, park or so leave the vehicle off the roadway*, but in every event in an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of the stopped vehicle shall be available from a distance of two hundred (200) feet in each direction upon the highway.

(emphasis added).

At the suppression hearing, under cross-examination, the officer testified as to Morgan's ability to pull off the roadway:

> Q:      And at that point, you saw the vehicle trying to pull over as far as it could or –
>
> A:      Some amount.
>
> Q:      -- some amount onto the right-hand side of the roadway; is that right?
>
> A:      Yes. It moved right on the roadway a little bit, yeah.
>
> Q:      Are you aware that there's an irrigation ditch along that north side of Taft?
>
> A:      I'm not sure what's there. I know it's not a fair shoulder to pull onto.

Based upon the absence of evidence that it was "practicable" to stop off the roadway, the State has appropriately conceded that the officer lacked a reasonable basis for believing that Morgan had violated I.C. § 49-659(1).

As we conclude that the officer lacked the reasonable, articulable suspicion necessary to justify the traffic stop, the district court erred by denying Morgan's motion to suppress.

## IV. CONCLUSION

The district court's order denying Morgan's motion to suppress is reversed. We vacate the judgment of conviction and remand for proceedings consistent with this opinion.

Chief Justice BURDICK and Justices EISMANN, J. JONES and W. JONES **CONCUR**.