**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46158**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 23, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| BERNARDINO JOSE AVORAN | ) **OPINION AND SHALL NOT** |
| DURAN, | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Thomas J. Ryan, District Judge.

Judgment of conviction for one count of felony possession of a controlled substance and one count of misdemeanor possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Bernardino Jose Avoran Duran appeals from his judgment of conviction for one count of felony possession of a controlled substance and one count of misdemeanor possession of a controlled substance. Duran challenges the district court's order denying his motion to suppress. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

At approximately 1 a.m. on a snowy evening, an officer patrolling a high crime and drug activity area observed Duran standing on the sidewalk with a bike. The officer activated his

vehicle's rear emergency lights and approached Duran on foot. During the course of the interaction, the officer observed signs indicating that Duran was under the influence of methamphetamine. The officer asked for Duran's identification, which he provided. The officer retained the identification and ran Duran's information through dispatch. Ultimately, Duran was frisked and then searched, which resulted in the discovery of a methamphetamine pipe. Duran admitted to having a second pipe and marijuana.

The State charged Duran with felony possession of a controlled substance (methamphetamine), I.C. § 37-2732(c)(1), and misdemeanor possession of a controlled substance (marijuana), I.C. § 37-2732(c)(3). Duran filed a motion to suppress, alleging that his detention was unlawful. The district court denied Duran's motion. He entered conditional guilty pleas to both charges, reserving the right to appeal the denial of his motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Duran contends that the district court erred in denying his motion to suppress, asserting that he was unlawfully detained without reasonable suspicion when the officer requested and retained Duran's identification. The State responds that, based upon the totality of the circumstances including Duran's exhibition of symptoms related to being under the influence of methamphetamine, the officer had reasonable, articulable suspicion to temporarily detain Duran to investigate. The district court did not err in denying Duran's motion to suppress.

An investigative detention is permissible if it is based upon specific, articulable facts which justify suspicion that the detained person is, has been, or is about to be engaged in criminal activity. *State v. Sheldon*, 139 Idaho 980, 983, 88 P.3d 1220, 1223 (Ct. App. 2003). Such a detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. *State v. Roe*, 140 Idaho 176, 181, 90 P.3d 926, 931 (Ct. App. 2004); *State v. Gutierrez*, 137 Idaho 647, 651, 51 P.3d 461, 465 (Ct. App. 2002). Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts. *State v. Morgan*, 154 Idaho 109, 112, 294 P.3d 1121, 1124 (2013) (citations omitted). Reasonable suspicion requires more than a mere hunch or inchoate and unparticularized suspicion. *Id.* The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). This standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id.* An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). A determination that reasonable suspicion exists, however, need not rule out the possibility of innocent conduct. *United States v. Arvizu*, 534 U.S. 266, 277 (2002).

The district court found, based on the totality of circumstances, that there was reasonable suspicion to detain Duran when the officer retained possession of Duran's identification. In support of this conclusion, the district court made several factual findings. The district court found that the officer who detained Duran "had been trained on drug detection to see when somebody's under the influence of drugs." The district court further found that the officer knew Duran appeared to be coming from a "high crime and a high drug area." Finally, the district court found that Duran's behavior, which was recorded on the officer's body camera, was consistent with being under the influence of drugs.

On appeal, Duran does not contest the district court's factual findings, but asserts that the facts found were insufficient for reasonable suspicion. Duran contends the facts would only "have provided the officer with a mere hunch, or inchoate and unparticularized suspicion." We disagree. The totality of circumstances reflected in the evidence presented at the suppression hearing and the district court's uncontested factual findings support the conclusion that the

3

officer had reasonable suspicion to detain Duran to confirm or dispel the suspicion that Duran had been engaged in criminal drug activity. *See, e.g*., I.C. § 37-2732C. Therefore, the district court did not err when it denied Duran's motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded that Duran's detention, when the officer retained Duran's identification, was based on reasonable suspicion that he was under the influence of a controlled substance. Therefore, Duran has failed to show the district court erred in denying his motion to suppress. Accordingly, Duran's judgment of conviction for one count of felony possession of a controlled substance and one count of misdemeanor possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY, **CONCUR**.