233 P.3d 25

**KUNA BOXING CLUB, INC., a nonprofit corporation, Plaintiff–Appellant,**

v.

**The IDAHO LOTTERY COMMISSION and The Idaho Lottery, Defendants– Respondents.**

No. 34886.

Supreme Court of Idaho Boise, November 2008 Term.

Jan. 21, 2009.

Lynn E. Thomas and Iver J. Longeteig, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent.

HORTON, Justice.

This appeal arises from an order issued under the Idaho Administrative Procedure Act (APA) suspending a bingo license. Kuna Boxing Club, Inc. (Kuna Boxing) appeals the district court's decision upholding the Idaho Lottery Commission's (Commission) emergency suspension of Kuna Boxing's bingo license. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Philip Whiting is the president of Kuna Boxing. Whiting filed an application for a bingo license on behalf of Kuna Boxing on February 7, 2006. The Commission denied the application on February 23, 2006 because of Whiting's and Kuna Boxing's connection to the Snake River Association of the USA Amateur Boxing Federation (USA Boxing). The Commission had previously revoked USA

Boxing's bingo license for violating I.C. § 67–7709(1)(b).[1] Whiting was the president of USA Boxing at the time of the violation. In order to understand the instant case, it is necessary to review the circumstances surrounding the revocation of USA Boxing's bingo license.

Sons and Daughters of Idaho, Inc. (S & D) and USA Boxing were nonprofit organizations licensed to conduct bingo games. The organizations conducted bingo through their bingo committees, both of which consisted of the same two persons, Bill Tway and Bob Ford. The bingo games took place at a facility in Garden City informally known as "Big Bucks Bingo." *Sons & Daughters of Idaho, Inc. v. Idaho Lottery Comm'n,* 144 Idaho 23, 25, 156 P.3d 524, 526 (2007). The organizations rented the building and non-gaming equipment from Z & J Services, Inc. (Z & J), a for-profit corporation owned by Tway and Ford. S & D and USA Boxing failed to provide the Commission with physical copies of canceled checks associated with their bingo operations when the Commission inspected the financial records of both organizations. *Id.* The Commission subsequently revoked the bingo licenses from both organizations for failure to keep and account for all checks as required by I.C. § 67–7709(1)(b). *Id.* at 26, 156 P.3d at 527. Both organizations appealed the Commission's decision to the district court, which affirmed the Commission on August 17, 2005. *Id.*

While S & D and USA Boxing appealed the district court's decision to this Court, Whiting filed an application for a bingo license on behalf of Kuna Boxing, which the Commission denied. Kuna Boxing appealed the Commission's denial of its application, resulting in an evidentiary hearing before a hearing officer on March 29, 2006. The hearing officer recommended that the Commission grant Kuna Boxing's application for a bingo license. The hearing officer concluded that while I.C. § 67–7712 permits the Commission to suspend or revoke a bingo license if the licensee or any person connected with the licensee has violated any provi-

---

1. Idaho Code § 67–7709(1)(b) provides in relevant part that "[a] licensed authorized organization shall keep and account for all checks and

withdrawal slips, including voided checks and withdrawal slips."

sion of chapter 77, title 67 of Idaho Code, the statute does not authorize the Commission to deny an application for a bingo license for those reasons.

The Commission reviewed the hearing officer's recommendations on November 20, 2006. The Commission adopted the hearing officer's findings of fact and conclusions of law and recommended order and issued Kuna Boxing a bingo license. Having done so, the Commission then *sua sponte* suspended Kuna Boxing's bingo license pursuant to the emergency powers conferred by I.C. § 67–5247. The suspension was entered because Kuna Boxing was "connected" to individuals or organizations that had violated I.C. § 67–7709(1)(b), which constituted grounds for suspension or revocation of Kuna Boxing's bingo license under I.C. § 67–7712. On December 8, 2006, Kuna Boxing objected to the action, characterizing it as a "revocation" of its bingo license, and demanded an evidentiary hearing before the Commission. Rather than conducting an evidentiary hearing, the Commission set the matter for oral argument and allowed both parties to submit briefs. The Commission scheduled the oral argument for March 13, 2007.

In the interim, on February 23, 2007, this Court issued its decision in *Sons & Daughters of Idaho, Inc. v. Idaho Lottery Comm'n*, 144 Idaho 23, 156 P.3d 524 (2007). This Court held that the Commission did not err when it concluded that S & D and USA Boxing failed to keep and account for all checks. *Id.* at 27, 156 P.3d at 528. This Court also held that both organizations were indirectly compensating Z & J in violation of I.C. §§ 67–7709 and 67–7711. *Id.* at 31, 156 P.3d at 532. Therefore, we affirmed the Commission's decision revoking S & D's and USA Boxing's bingo licenses. *Id.* at 32, 156 P.3d at 533.

On March 13, 2007, the Commission heard Kuna Boxing's objection to the suspension of its bingo license. However, counsel for Kuna Boxing did not appear at oral argument and Whiting addressed the Commission instead. Counsel for Kuna Boxing mistakenly believed the oral argument was scheduled for later that day. On April 30, 2007, the Commission issued a final order affirming the emergency suspension of Kuna Boxing's bingo license. Kuna Boxing appealed to the district court, which affirmed the decision of the Commission. Kuna Boxing has timely appealed.

## II. STANDARD OF REVIEW

When a district court acts in its appellate capacity under the APA, this Court reviews the agency record independently of the district court's decision. *Sons & Daughters*, 144 Idaho at 26, 156 P.3d at 527 (citing *Cooper v. Bd. of Prof. Discipline of Idaho State Bd. of Med.*, 134 Idaho 449, 454, 4 P.3d 561, 566 (2000)). The standard of judicial review of an agency action is governed by statute. A reviewing court must uphold an agency's order unless the agency's decision (1) violates statutory or constitutional provisions; (2) exceeds the agency's statutory authority; (3) is made upon unlawful procedure; (4) is not supported by substantial evidence in the record; or (5) is arbitrary, capricious, or an abuse of discretion. *Id.;* I.C. § 67–5279(3). This Court defers to the agency's findings of fact unless they are clearly erroneous and will not substitute its judgment for that of the agency as to the weight of the evidence. *Id.*

This Court exercises free review of questions of law, although agencies are sometimes entitled to deference on questions of statutory construction. *Id.* Because the Commission has been entrusted with administration of the bingo statutes, this Court may defer to the Commission's interpretation of the statutes so long as that interpretation is reasonable and not contrary to the express language of the statute. *Id.* (citing *J.R. Simplot Co. Inc. v. Idaho State Tax Comm'n*, 120 Idaho 849, 862, 820 P.2d 1206, 1219 (1991)). Nevertheless, "the ultimate responsibility to construe legislative language to determine the law" rests with the judiciary, and the underlying consideration whether to grant such deference is to ascertain and give effect to legislative intent. *Mason v. Donnelly Club*, 135 Idaho 581, 583, 21 P.3d 903, 905 (2001); *Simplot*, 120 Idaho at 853–54, 820 P.2d at 1210–11. Accordingly, the Commission's construction of the bingo statutes is entitled to deference to the extent supported

by the rationales for such deference. *Sons & Daughters,* 144 Idaho at 26, 156 P.3d at 527 (citing *Simplot,* 120 Idaho at 862–66, 820 P.2d at 1219–23).

## III. ANALYSIS

Kuna Boxing raises two issues on appeal: (1) whether the Commission complied with statutory requirements under the APA when it suspended Kuna Boxing's bingo license; and (2) whether the Commission violated Kuna Boxing's right to procedural due process when it suspended Kuna Boxing's bingo license. We affirm the Commission decision suspending Kuna Boxing's bingo license and hold that any error on the part of the Commission did not rise to the level of a violation of Kuna Boxing's due process rights.

### A. The Commission failed to comply with statutory requirements when it suspended Kuna Boxing's bingo license, but the error was harmless.

Kuna Boxing argues that there was no danger to the public health, safety, or welfare justifying the Commission's emergency suspension of its bingo license and that the Commission failed to follow the statutory procedures for postdeprivation hearings. The Commission argues that the connection between Kuna Boxing and USA Boxing, a known violator of the bingo statutes, justified the emergency suspension of Kuna Boxing's bingo license. The Commission also argues that Kuna Boxing participated in a predeprivation evidentiary hearing and no further evidentiary hearing was required after the Commission suspended its bingo license.

### 1. The Commission's emergency action suspending Kuna Boxing's bingo license was a response to an immediate danger to the public health, safety, or welfare.

Kuna Boxing argues that the suspension of its bingo license was not justified by an immediate danger to the public health, safety, or welfare. Kuna Boxing further argues that the Commission's order did not specify the nature of the claimed threat to the public welfare. We conclude that the Commission did not err when it decided that the instant case presented a situation involving an immediate danger to the public health, safety, or welfare. We also conclude that the Commission specified the immediate danger in its order suspending Kuna Boxing's bingo license.

Idaho Code § 67–5247(1) governs an agency's power to act through an emergency proceeding, which provides the following:

> An agency may act through an emergency proceeding in a situation involving an immediate danger to the public health, safety, or welfare requiring immediate agency action. The agency shall take only such actions as are necessary to prevent or avoid the immediate danger that justifies the use of emergency contested cases.

The Commission suspended Kuna Boxing's bingo license because it was connected to an individual or organization that violated a provision of the statutes governing bingo games and this connection posed an immediate danger to the public health, safety, or welfare. Idaho Code § 67–7712(2) provides in relevant part:

> Any license issued pursuant to this chapter shall be suspended or revoked by the state lottery if it is found that the licensee or any person connected with the licensee has violated any provision of this chapter or any rule of the lottery commission or ordinance of a county adopted pursuant to this chapter.

The Commission suspended Kuna Boxing's bingo license because of its connection to Whiting and USA Boxing. Whiting was the president of Kuna Boxing at the time it applied for a bingo license. Whiting was also the president of USA Boxing at the time it violated I.C. § 67–7709(1)(b), which requires that a licensed organization keep and account for all checks. *See Sons & Daughters,* 144 Idaho at 27, 156 P.3d at 528 (holding that the Commission "did not abuse its discretion in determining that [USA Boxing] failed to keep and account for all checks.").

Kuna Boxing argues that Whiting was not responsible for the statutory violation by USA Boxing and that Whiting did not personally violate any statutes. Therefore, Whiting was not a person connected with

Kuna Boxing that had violated any provision of the statutes governing bingo gaming. Idaho Code § 67–7702(13) provides in relevant part:

"Person" shall be construed to mean and include an individual, association, corporation, club, trust, estate, society, company, joint stock company, receiver, trustee, assignee, referee or any other person acting in a fiduciary or representative capacity, whether appointed by a court or otherwise, and any combination of individuals.

The plain language of I.C. § 67–7712(2) requires the Commission to suspend a bingo license if any person connected with the licensee has violated any provision of chapter 77, title 67 of Idaho Code. For purposes of I.C. § 67–7712(2), the definition of a "person" includes corporations. USA Boxing, a nonprofit corporation, violated I.C. § 67–7709(1)(b). This begs the question: Was USA Boxing "connected" to Kuna Boxing for purposes of I.C. § 67–7712(2)?

The most obvious connection between Kuna Boxing and USA Boxing is Whiting, who served as president of both organizations.[2] Kuna Boxing also planned to lease the Big Bucks Bingo facility from Z & J just as USA Boxing had done previously.[3] Further, the public policy considerations relating to regulation of bingo operations inform this Court's decision on whether Kuna Boxing and USA Boxing are connected.

Our Constitution provides in relevant part: "Gambling is contrary to public policy and is strictly prohibited except for the following: . . . Bingo and raffle games that are operated by qualified charitable organizations in the pursuit of charitable purposes if conducted in conformity with enabling legislation." Idaho Const. art. III, § 20. Idaho Code § 67–7701 identifies the policy considerations underlying regulation of bingo games and raffles:

It is hereby declared that all bingo games and raffles in Idaho must be strictly controlled and administered, and it is in the public interest for the state to provide

for the administration of charitable bingo games and raffles to protect the public from fraudulently conducted bingo games and raffles, to assure that charitable groups and institutions realize the profits from these games, to prohibit professionals conducting bingo games or raffles for fees or a percentage of the profit and to provide that all expenditures by a charitable organization in conducting bingo games and raffles are in the best interest of raising moneys for charitable purposes.

Given the strong public policy supporting the regulation of bingo gaming and the connections between Whiting, Kuna Boxing, and USA Boxing, we find no error in the Commission's conclusion that Kuna Boxing and USA Boxing are "connected" for purposes of I.C. § 67–7712(2) and that emergency action was warranted because of an immediate danger to the public health, safety, or welfare. This conclusion is consistent with the public's interest in the strict regulation of bingo games in order to protect the public from fraud and protect the interests of the charitable groups and institutions for whom the money is being raised.

Kuna Boxing also argues that the Commission's order did not specify the nature of the claimed threat to the public welfare, as required by statute. Idaho Code § 67–5247 specifies the requirements an agency must follow when issuing an emergency order, which provides in relevant part:

(2) The agency shall issue an order, including a brief, reasoned statement to justify both the decision that an immediate danger exists and the decision to take the specific action. When appropriate, the order shall include findings of fact and conclusions of law.

The Commission provided the requisite "brief, reasoned statement" specifying the nature of the threat to the public welfare in its order suspending Kuna Boxing's license. The Commission concluded that Kuna Boxing's license was subject to suspension be-

---

**2.** Whiting manages the books for Kuna Boxing but not USA Boxing.

**3.** This Court previously found that the lease arrangement between USA Boxing and Z & J con-

stituted indirect compensation to the owners of Z & J, which is prohibited by I.C. § 67–7711(3). *Sons & Daughters,* 144 Idaho at 30, 156 P.3d at 531.

cause of the connection between Kuna Boxing and USA Boxing. The Commission specifically stated: "[Kuna Boxing's] retention of its license, in light of the connection to USA Boxing, poses an immediate threat to the public health, safety, or welfare and, as such, constitutes grounds for emergency action pursuant to Idaho Code § 67–5247." Accordingly, we find no error in the Commission's decision to suspend Kuna Boxing's bingo license.

### 2. The Commission did not follow the statutory procedures outlined in I.C. § 67–5247 after issuing its emergency order, but the error was harmless.

■ Kuna Boxing argues that the Commission did not hold an evidentiary hearing after suspending its bingo license as required by I.C. § 67–5247. The Commission argues that such an evidentiary hearing was unnecessary because Kuna Boxing participated in an evidentiary hearing before the Commission suspended its bingo license. Idaho Code § 67–5247 requires that "[a]fter issuing an order pursuant to this section, the agency shall proceed as quickly as feasible to complete any proceedings that would be required if the matter did not involve an immediate danger." Idaho Code § 67–7712(3) specifies the procedures the Commission must follow after suspending a bingo license:

If the [Commission] ... suspend[s] a [bingo] license, it shall give the ... licensee fifteen (15) calendar days' written notice of its intended action stating generally the basis for its action. Within the fifteen (15) calendar day notice period, the ... licensee shall indicate its acceptance of the decision of the [Commission] or shall request a hearing to be held in the same manner as hearings in contested cases pursuant to chapter 52, title 67, Idaho Code.

Additionally, I.C. § 67–5254 provides, in relevant part, that "[a]n agency shall not revoke, suspend, modify, annul, withdraw or amend a license ... unless the agency first gives notice and an opportunity for an appropriate contested case in accordance with the provisions of this chapter or other statute." Idaho Code § 67–5242 sets the requirements for

a contested case hearing, and provides in relevant part:

(3) At the hearing, the presiding officer:

(a) Shall regulate the course of the proceedings to assure that there is a full disclosure of all relevant facts and issues, including such cross-examination as may be necessary.

(b) Shall afford all parties the opportunity to respond and present evidence and argument on all issues involved, except as restricted by a limited grant of intervention or by a prehearing order.

The Commission did not afford Kuna Boxing a postdeprivation hearing that complied with these statutory requirements. After the Commission suspended Kuna Boxing's bingo license, by way of letter, Kuna Boxing requested that the Commission conduct an evidentiary hearing into the issue whether a public emergency justified the suspension of its license. Kuna Boxing contested the Commission's conclusion that Kuna Boxing is connected to Whiting and USA Boxing. Rather than setting the matter for an evidentiary hearing, the Commission permitted Kuna Boxing to submit briefs and appear before the Commission for an oral argument.[4] This was error on the part of the Commission. The oral argument did not provide Kuna Boxing the opportunity to respond and present evidence on the issue of the suspension of its bingo license.

Although the Commission's decision was "made upon unlawful procedure," I.C. § 67–5279(2)(c), we are required to affirm the agency's action "unless substantial rights of the appellant have been prejudiced." I.C. § 67–5279(4). We conclude that Kuna Boxing was not prejudiced by the Commission's failure to comply with the statutory requirement to conduct a postdeprivation evidentiary hearing.

Kuna Boxing participated in an evidentiary hearing prior to its suspension before a hearing officer after the Commission denied its application for a bingo license. Kuna Boxing was able to respond and present evidence

4. Counsel for Kuna Boxing did not appear at the oral argument because he erroneously believed the argument started at 1:00 p.m. instead of 10:30 a.m. on March 13, 2007.

concerning Whiting and Kuna Boxing's connection to USA Boxing. This is the same issue upon which Kuna Boxing claims entitlement to a postdeprivation evidentiary hearing. Kuna Boxing has not identified additional evidence it would have submitted at a postdeprivation evidentiary hearing. Rather, in its briefing before this Court, Kuna Boxing asserts "[t]here was no 'new evidence' favoring Kuna Boxing thata [sic] needed to be presented. The evidence of record established that there was no basis for emergency action." Under these circumstances, we find that Kuna Boxing has failed to demonstrate that its substantial rights have been prejudiced.

### B. The Commission did not violate Kuna Boxing's right to procedural due process when it did not allow Kuna Boxing to participate in a postdeprivation evidentiary hearing.

Kuna Boxing argues that the Due Process Clause of the U.S. Constitution required that the Commission conduct an evidentiary hearing after the Commission suspended its bingo license. The Commission argues that Kuna Boxing participated in a predeprivation evidentiary hearing before a hearing officer and no additional postdeprivation hearing was necessary. We conclude that the Commission did not violate Kuna Boxing's right to procedural due process.

■ "Suspension of issued licenses ... involves state action that adjudicates important interests of the licensees. In such cases the licenses are not to be taken away without that procedural due process required by the Fourteenth Amendment." *Bell v. Burson*, 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90, 94 (1971). Due Process is a flexible concept that varies with the particular situation. Courts must weigh several factors to determine what procedural protections the U.S. Constitution requires in a particular case. Courts must consider: (1) the private interest affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the States interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. *Zinermon v. Burch*, 494 U.S. 113, 127, 110 S.Ct. 975, 984, 108 L.Ed.2d 100, 115 (1990) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976)). Under this test, the federal constitution usually requires that a person receive some kind of hearing before the State deprives a person of liberty or property. *Id.* In some circumstances, however, a statutory provision for a postdeprivation hearing satisfies the requirements of due process. *Id.* at 128, 110 S.Ct. at 984, 108 L.Ed.2d at 115.

■ Although we acknowledge that Kuna Boxing had an interest in a bingo license worthy of due process protection, the second factor identified above compels our decision. In this case, there is simply no risk of an erroneous deprivation of Kuna Boxing's interest in the bingo license. We reach this conclusion because Kuna Boxing, at the previous evidentiary hearing, had the opportunity to contest all adverse evidence and submit all evidence in its favor relating to the connection between Kuna Boxing, Whiting, and USA Boxing. In light of Kuna Boxing's concession that there was no new or additional evidence that would have been presented at a postdeprivation hearing, the outcome of a second hearing would have been identical to the first: a finding that Kuna Boxing is connected to Whiting and USA Boxing and thus, subject to suspension or revocation of its bingo license. Accordingly, we conclude that the Commission did not violate Kuna Boxing's right to procedural due process.

### IV. CONCLUSION

We conclude that the Commission erred when it did not provide Kuna Boxing with a postdeprivation evidentiary hearing but the error did not result in prejudice of substantial rights nor did it violate Kuna Boxing's right to procedural due process. Therefore, the decisions of the district court and the Commission are affirmed.

Justices BURDICK, J. JONES, W. JONES and Justice Pro Tem TROUT, concur.