# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49067

GRACE AT TWIN FALLS, LLC, an
Idaho limited liability company,

               Petitioner-Appellant,

v.

DAVE JEPPESEN, in his official capacity
as Director of the Idaho Department of
Health and Welfare, and the IDAHO
DEPARTMENT OF HEALTH AND
WELFARE, an executive department of
the state government,

               Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, August 2022 Term

Opinion Filed: November 3, 2022

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Fourth Judicial District of the State
of Idaho, Ada County. Jason D. Scott, District Judge.

The decision of the district court is affirmed.

Davison, Copple, Copple & Copple, LLP, Boise, for Appellant.

Lawrence G. Wasden, Idaho Attorney General, Boise, for Respondent.

---

BEVAN, Chief Justice.

This appeal arises from a district court decision affirming a declaratory ruling issued by Respondent Dave Jeppesen (the Director) in his capacity as Director of the Idaho Department of Health and Welfare (the Department). Appellant Grace at Twin Falls, LLC (Grace), a residential assisted living and memory care facility, partnered with a preferred pharmacy to offset costs associated with a software system that coordinated the tracking and delivery of residents' prescription medications. Because residents who failed to choose the preferred pharmacy did not

1

receive the offset, Grace sought to charge[1] those residents an additional $10.00 each month to cover the difference. Grace brought a petition for declaratory ruling to the Department, asking the Director to declare that Idaho Code section 39-3316(12)(b) and IDAPA 16.03.22.550.12.b do not prohibit Grace from charging the $10.00 fee to those residents who did not choose the preferred pharmacy. The Director denied the petition, declaring that Grace would not "be permitted to assess a non-preferred-pharmacy fee as such fee violates residents' right to choose their pharmacy or pharmacist . . . ." Grace sought judicial review before the district court, which affirmed the Director's declaratory ruling. Grace now appeals to this Court. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Residential assisted living facilities (RALFs) in Idaho are subject to the Idaho Residential Care or Assisted Living Act (RALF Act), set forth in Idaho Code sections 39-3301 to -3358. The RALF Act includes what could be called the residents' "Bill of Rights," which requires RALFs to "protect and promote [nineteen numbered rights – not including subparts] of each resident. . . ." I.C. § 39-3316. One of those enumerated rights is that each resident control her or his "receipt of health-related services, including . . . [t]he right to select the pharmacy or pharmacist of their choice. . . ." *Id*. (12)(b). This is known as the "Pharmacy Choice Rule."

Grace is a RALF in Twin Falls, Idaho. According to Grace, its industry is "highly price sensitive and competitive, and thus there is constant pressure to provide better services for residents at a lower cost to ensure the safety and happiness of the residents" at its facilities. To increase efficiency and provide additional safety for residents, Grace uses an integrated management software system called BlueStep, which manages all aspects of its facility's operations, including the tracking and delivery of residents' prescription medications. The license fee for use of the system is $11.00 per resident, per month.

Pharmacies compete in terms of price and service to be Grace's preferred pharmacy. After requesting proposals from various pharmacies, Grace found Red Rock Pharmacy (Red Rock) most competitive because it was willing to bubble pack medicine and deliver it directly to Grace for free. It was also willing to pay one-half of the $11.00 monthly fee charged by BlueStep if the majority of Grace's residents elected to use Red Rock.

---

[1] Whether Grace actually charged the additional $10.00 each month is a point of uncertainty in this appeal, but that uncertainty does not change the analysis or outcome of this decision.

Based on Red Rock's offer, Grace met with and surveyed its residents and their families in January 2018 to discuss what it called the two most practical options for dealing with the BlueStep licensing fee:

Option 1: Raise the residential rate for all residents to cover the net cost of the BlueStep System.

Option 2: Charge only those residents who opted out of Red Rock's services an additional $10.00 per month to cover their unsubsidized portion of the BlueStep System and the extra effort expended by Grace to coordinate resident medications without Red Rock's services.

Grace stated in its petition to the Director that its residents "overwhelmingly chose Option 2," even though a majority of Grace's residents were not using Red Rock as their pharmacy. As a result, Red Rock only agreed to absorb half of Grace's BlueStep license fee for the residents who chose to use Red Rock as their pharmacy. Grace then, ostensibly based on the vote of its residents, increased the monthly rent by $10.00 for those who elected to use a pharmacy other than Red Rock.

There is a question in the record about what happened next. Grace maintains in its briefing that in July 2019, the Department assessed a core violation[2] against Grace, having determined that the $10.00 increase in rent violated the Pharmacy Choice Rule. Grace further asserts that this violation was based, in part, on the Department's answers to Frequently Asked Questions (FAQ) for Residential Assisted Living Facilities, located at https://healthandwelfare.idaho.gov/providers/residential-assisted-living/resources.

The information provided in the record states[3]:

---

[2] The RALF Rules define a deficiency as a determination by the Department that a facility is not operating in compliance with the rules. IDAPA 16.03.22.010.22. The most serious deficiencies are known as "core issues": abuse, neglect, exploitation, inadequate care, etc. IDAPA 16.03.22.010.20. If a core deficiency is found, a facility is required to submit and implement a plan of correction. IDAPA 16.03.22.130.08. If another deficiency is found during a follow-up survey, "the Department may initiate or extend enforcement actions as described in Sections 900 through 940 of these rules." *Id*. Sections 900 through 940 in turn describe various enforcement actions including license suspension, issuance of a provisional license (i.e., a ban on admission of new residents), and license revocation. IDAPA 16.03.22.935 expressly states that a provisional license may be issued when a facility has "repeat deficiencies." A provisional license is subject to total revocation under IDAPA 16.03.22.940.02.e.

[3] This quote is taken from the Director's declaratory ruling citing an exhibit that was not in the record on appeal. That said, it reflects the Department's position on appeal and its accuracy has not been disputed by Grace.

| Can a RALF charge a resident for choosing a pharmacy other than the facility's preferred pharmacy? | No. Residents have a right to choose their pharmacy. Facilities can charge for bubble-packing, but they cannot charge for using a different pharmacy. *See* IDAPA 16.03.22.216.13, 320.07 and 55.12b |
| --- | --- |

The Department counters that there is no evidence it assessed a core violation in the record, and that Grace's petition to the Director sought a declaratory ruling only, seeking a finding: "that the Department's Residential Assisted Living Facility (RALF) Rule, IDAPA 16.03.22.550.12.b – regarding residents' right to select the pharmacy of their choice – is inapplicable to Grace's $10.00 fee for residents who do not choose Grace's preferred pharmacy, Red Rock Pharmacy." Grace never sought affirmative relief through vacating a core violation or any associated penalties. The Director issued what it called a "Declaratory Ruling," affirming the Department's position that Grace's "Fee violates residents' right to choose their pharmacy or pharmacist, as expressed in publicly available Department interpretations." Given Grace's admission that "the majority of [its] residents . . . have selected other pharmacies than Red Rock[,]" the Director concluded "the heart of Grace's proposed fee is that *it will influence residents to choose Red Rock*—Grace's preferred pharmacy—so that Grace may enjoy the full benefit of Red Rock's competitive offer, which unduly impacts residents' right of choice." (Emphasis in original.) The Director did not reference a core violation in his decision, nor does it appear that it played any part in the analysis contained in his Declaratory Ruling. As a result, we do not need to resolve whether the Department issued a core violation in this appeal.

The Director also held that Grace failed to show any impairment in its ability to use and afford BlueStep through alternative means, such as charging all residents a $10.00 fee (Option 1 above) while upholding residents' rights. The Director characterized Grace's proposal as a business "want" rather than a "need," and stated it was one that did not appear to serve residents who did not choose Red Rock. The Director also held Grace failed to show the Department's interpretation impaired a legal right, interest, or privilege.

Grace appealed the Director's decision by filing a verified petition for judicial review with the district court. Grace again argued its proposed fee would not inhibit residents from selecting the pharmacy of their choice. But Grace also asserted for the first time that the Department had

issued a core violation against it, requiring it to "raise its rates as to all of its residents to cover the excess costs incurred as a result of residents not participating with Red Rock." Grace argued the Department's interpretation materially impaired or threatened to impair Grace's legal rights and privileges, by: (1) subjecting Grace's licensure to restriction of revocation; (2) subjecting Grace to the threat of monetary fines; (3) impairing Grace's ability to compete; and (4) impairing Grace's right to contract with its residents. Finally, Grace argued that Idaho Code section 39-3357(3) prohibits the Department from restraining Grace from enacting the proposed fee because the fee is not expressly prohibited by statute or the Department's rules as currently written.

The district court affirmed the Director's decision. Deferring to the Department's interpretation of the Pharmacy Choice Rule, the district court found that interpretation, as set forth in the FAQ above, was reasonable and not contrary to statutory language. The court further interpreted the statutory language directly, finding

> [t]he statute at issue grants RALF residents a nearly unqualified right to choose their pharmacy, I.C. § 39-3316(12)(b), and requires RALFs to "protect and promote" that right, I.C. §39-3316. A choice-of-pharmacy surcharge borders on the antithesis of protecting and promoting the right of pharmacy choice. Hence, the statute doesn't unambiguously allow Grace to surcharge residents for not choosing its preferred pharmacy.

Grace appeals the district court's conclusion to this Court.

## II. ISSUES ON APPEAL

1. Whether the RALF Act precludes Grace from surcharging residents $10.00 per month for not choosing its preferred pharmacy?

2. Whether either party is entitled to an award of attorney fees on appeal.

## III. STANDARD OF REVIEW

> In an appeal from a district court where the court was acting in its appellate capacity under the Idaho Administrative Procedure Act ("IDAPA"), we review the decision of the district court to determine whether it correctly decided the issues presented to it. . . . However, we review the agency record independently of the district court's decision. . . . A reviewing court defers to the agency's findings of fact unless they are clearly erroneous, and the agency's factual determinations are binding on the reviewing court, even when there is conflicting evidence before the agency, so long as the determinations are supported by substantial competent evidence in the record. . . . This Court freely reviews questions of law.

*Rangen, Inc. v. Idaho Dep't of Water Res.*, 160 Idaho 251, 255, 371 P.3d 305, 309 (2016) (cleaned up).

The district court must affirm the agency action unless it finds that the agency's findings, inferences, conclusions, or decisions are:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) not supported by substantial evidence on the record as a whole; or

(e) arbitrary, capricious, or an abuse of discretion.

*Id*. (quoting I.C. § 67-5279(3)). *See also Clear Springs Foods, v. Spackman*, 150 Idaho 790, 796, 252 P.3d 71, 77 (2011). Even if one of these conditions is met, an "agency action shall be affirmed unless substantial rights of the appellant have been prejudiced." I.C. § 67-5279(4).

"Administrative rules are interpreted the same way as statutes." *Idaho Power Co. v. Tidwell*, 164 Idaho 571, 574, 434 P.3d 175, 178 (2018) (quoting *Rangen*, 160 Idaho at 256, 371 P.3d at 310). Therefore, when considering an administrative rule,

> interpretation begins with the literal language of the [rule]. Provisions should not be read in isolation, but must be interpreted in the context of the entire document. The [rule] should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. It should be noted that the Court must give effect to all the words and provisions of the [rule] so that none will be void, superfluous, or redundant. When the [rule's] language is unambiguous . . . the Court need not consider rules of statutory construction.

*Id*. (quoting *Est. of Stahl v. Idaho State Tax Comm'n*, 162 Idaho 558, 562, 401 P.3d 136, 140 (2017)). "The determination of the meaning of [an administrative rule] and its application is a matter of law over which this [C]ourt exercises free review." *Id*. (quoting *Woodburn v. Manco Prods., Inc.*, 137 Idaho 502, 504, 50 P.3d 997, 999 (2002)).

## IV. ANALYSIS

Facilities such as Grace are subject to the RALF Act, codified in Idaho Code sections 39-3301 to 3358. As noted above, the RALF Act contains what might be called a resident's Bill of Rights. *See* I.C. § 39-3316. Under this statute, RALF residents have, among other rights, "the right to control [their] receipt of health-related services, including . . . [t]he right to select the pharmacy or pharmacist of their choice so long as it meets the statute and rules governing residential care or assisted living and the [RALF's] policies and procedures." I.C. § 39-3316(12)(b); *see also* IDAPA 16.03.22.550.12.b.1. RALFs are obligated to "protect and promote" this right. I.C. § 39-3316.

**A.** **The Pharmacy Choice Rule prohibits Grace from imposing a surcharge on a resident who does not choose Grace's preferred pharmacy.**

4

The question presented in this appeal is straightforward: May a RALF make a business decision to impose a surcharge on its residents who do not choose the facility's preferred pharmacy? The answer is no.

Grace asserts that the Director's Declaratory Ruling should be set aside because the Department violated Idaho Code section 67-5279(3) by acting: (a) "in violation of constitutional or statutory provisions;" and (b) "in excess of the statutory authority of the agency." Grace stresses that the RALF Act does not expressly prohibit cost apportionment based on pharmacy choice. Moreover, Grace submits that, contrary to Idaho Code section 39-3357(3), no statute or regulation "expressly requires" a facility to charge residents the same regardless of whether their respective care choices cause the facility to incur higher costs.

This matter is ultimately resolved by looking to the residents' Bill of Rights. "[T]he courts have the ultimate authority to construe statutory language." *Kaseburg v. State, Bd. of Land Comm'rs*, 154 Idaho 570, 577, 300 P.3d 1058, 1065 (2013) (quoting *Kuna Boxing Club, Inc. v. Idaho Lottery Comm'n*, 149 Idaho 94, 97, 233 P.3d 25, 28 (2009)).

> The interpretation of a statute must begin with the literal words of the statute; those words must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole. If the statute is not ambiguous, this Court does not construe it, but simply follows the law as written. We have consistently held that where statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature.

*Breckenridge Prop. Fund 2016, LLC v. Wally Enterprises, Inc.*, ___, Idaho ___, 516 P.3d 73, 81 (2022) (quoting *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011)). "Ambiguity is not established merely because the parties present differing interpretations to the court." *Nelsen v. Nelsen*, 170 Idaho 102, 508 P.3d 301, 334 (2022) (quoting *Hayden Lake Fire Prot. Dist. v. Alcorn*, 141 Idaho 307, 312, 109 P.3d 161, 166 (2005)); *see also Ada Cnty. Prosecuting Att'y v. 2007 Legendary Motorcycle*, 154 Idaho 351, 354, 298 P.3d 245, 248 (2013) ("[A] statute is not ambiguous merely because an astute mind can devise more than one interpretation of it.").

Idaho Code section 39-3316(12)(b) and IDAPA 16.03.22.550.12.b (collectively, the Pharmacy Choice Rule) are plain and unambiguous[4]. A RALF is required to "protect and promote

[4] The Department argues that we should give its interpretation of the statute deference. The district court supported its decision with such an analysis; however, judicial deference, as first set forth in *J.R. Simplot Co. v. Idaho State Tax*

the rights of each resident." I.C. § 39-3316. One of those rights is embodied in the Pharmacy Choice Rule, which provides:

> Each resident shall have the right to *control* his receipt of health-related services, including . . . [t]he right to *select* the pharmacy or pharmacist of their choice so long as it meets the statute and rules governing residential care or assisted living and the policies and procedures of the residential care or assisted living facility.

I.C. § 39-3316(12)(b) (emphasis added). *See also* IDAPA 16.03.22.550.12.b (mirroring this language).

The Pharmacy Choice Rule unambiguously protects the right to both *control* one's health care services, and to *select* the pharmacist or pharmacy of one's choice, so long as the pharmacy meets statutory norms. Grace's attempt to impose a $10.00 surcharge on residents who do not use the Red Rock pharmacy violates both of these rights. Requiring residents to pay this fee implicitly impels residents to choose Red Rock pharmacy; otherwise, those residents subsidize the computer licensing fees for the facility in an amount greater than residents who choose Red Rock. This policy would place undue financial pressure on those residents to switch to Red Rock. While the amount is minimal month-by-month, for individuals living in these facilities, typically on fixed incomes, such pressure could make a difference. This tension limits residents' capacity to *control* and *select* pharmaceutical providers free from any outside influence. Thus, the policy violates the clear requirements of the Pharmacy Choice Rule. As the Director recognized:

> [T]he heart of Grace's proposed fee is that *it will influence residents to choose Red Rock*—Grace's preferred pharmacy—so that Grace may enjoy the full benefit of Red Rock's competitive offer, which unduly impacts residents' right of choice."
>
> . . . .
>
> Grace's proposal is thus a business "want" rather than a "need," and one that does not appear to serve residents except for those who would choose Red Rock. Facilities make enumerable decisions in their business operations; the Department is obliged to restrict facilities from decisions that impede resident rights for the sake of business.

(Emphasis in original.)

---

*Comm'n*, 120 Idaho 849, 862, 820 P.2d 1206, 1219 (1991), "allows courts to establish the appropriate level of deference to give to an agency's construction of a statute [only] *if the statute is ambiguous*." *Idaho State Tax Comm'n v. James*, 169 Idaho 884, 890, 505 P.3d 670, 676 (2022) (emphasis added). Having concluded that the Pharmacy Choice Rule is unambiguous, we need not apply this principle of statutory construction.

6

Grace's characterization that it was simply passing the $10.00 savings Red Rock absorbed for BlueStep to the residents who selected Red Rock as their pharmacy is misleading. BlueStep charges $11.00 per month, per resident. Rather than increase the rent for all residents to cover the cost of the BlueStep software, Grace tried to find a pharmacy willing to absorb the fee. When Red Rock only offered to pay for half of the fee for residents who chose to use its pharmacy, Grace sought to increase the rent of residents who did not choose Red Rock by $10.00: $5.50 for the amount Red Rock would have absorbed, and an additional $4.50 per month to cover the administrative costs Grace would incur in interfacing with multiple pharmacies instead of just Red Rock. Thus, at least a portion of the fee was for the purpose of recouping administrative costs that Grace incurred, which were separate from the costs that Red Rock absorbed for a resident who opted to use the Red Rock pharmacy.

In conclusion, we hold that Grace's practice violates the Pharmacy Choice Rule. Having determined that no violation of Idaho Code section 67-5279(3) (a) or (b) occurred, there is no need to analyze whether Grace's substantial rights have been prejudiced. I.C. § 67-5279(4). The decision of the district court is affirmed.

**B.    Neither party is awarded attorney fees on appeal.**

Both parties argue they are entitled to an award of attorney fees and costs under Idaho Appellate Rule 41 and Idaho Code section 12-117. Grace is not the prevailing party and thus has no claim to an award of attorney fees.

Idaho Code section 12-117(1) mandates an award of reasonable attorney fees to the prevailing party "in any proceeding involving as adverse parties a state agency or a political subdivision and a person," where "it finds that the nonprevailing party acted without a reasonable basis in fact or law." I.C. § 12-117(1). When parties to appeals before this Court have advanced arguments based on a disregard for plain language, we have found them to have acted without a reasonable basis in law. *Jayo Dev., Inc. v. Ada Cnty. Bd. of Equalization*, 158 Idaho 148, 154, 345 P.3d 207, 213 (2015); *Idaho Wool Growers Ass'n, Inc. v. State*, 154 Idaho 716, 724, 302 P.3d 341, 349 (2012). "[T]he purpose of [section] 12-117 is to serve as a deterrent to groundless or arbitrary action and to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges." *Ada Cnty. v. Browning*, 168 Idaho 856, 861, 489 P.2d 443, 448 (2021) (quoting *Arnold v. City of Stanley*, 158 Idaho 218, 224, 345 P.3d 1008, 1014 (2015)).

7

The Department cites *Rangen, Inc. v. Idaho Dep't of Water Res.*, 159 Idaho 798, 367 P.3d 193 (2016) (quoting *Castrigno v. McQuade*, 141 Idaho 93, 98, 106 P.3d 419, 424 (2005)), to argue that because Grace relied on the same arguments raised to the district court, without adding new or persuasive authority, the Department is entitled to fees under section 12-117. The Department asserts Grace

> continued to rely on the same arguments used in front of the district court, without providing any additional persuasive law or bringing into doubt the existing law on which the district court based its decision. Although [Grace] may have had a good faith basis to bring the original suit based on their interpretation of Idaho law, [they] were very clearly aware of the statutory procedures, failed to appeal separate appraisals when they had a right to appeal, and were clearly advised on the applicable law in an articulate and well-reasoned written decision from the district court. Nevertheless, [they] chose to further appeal that decision to this Court, even though they failed to add any new analysis or authority to the issues raised below. Accordingly, it was frivolous and unreasonable to make a continued argument, and [the prevailing party] is awarded its reasonable attorney fees.

After the Department filed its brief in this matter, this Court abrogated this legal standard in *3G AG LLC v. Idaho Dep't of Water Res.*, 170 Idaho 251, 509 P.3d 1180, 1195 (2022):

> When it comes to questions of law, like the one presented in this case, an argument is not 'unreasonable' under section 12-117(1) simply because it was repeated on appeal after being rejected by the agency and district court below. Moreover, even if the nonprevailing party does not provide new authority in support of its repeated legal argument—this has no connection to whether the argument has a 'reasonable' basis in law.

Thus, Grace's reiteration of the arguments it made below, where reasonable, are sufficient to avoid the strictures of Idaho Code section 12-117. We hold that Grace's arguments, though not accepted by this Court, were reasonable. The issues before the Court were complex and both parties submitted reasonable arguments in support of their position. Although the Department has prevailed on appeal, Grace did not act "without a reasonable basis in fact or law." I.C. § 12-117(1).

## V. CONCLUSION

The district court decision is affirmed. Costs, but not attorney fees, are awarded to the Department under Idaho Appellate Rule 40.

Justices BRODY, STEGNER, MOELLER, and ZAHN CONCUR.