(660 P.2d 1387)
No. 55,023

State of Kansas, *Appellant,* v. Lucinda D. Hayes, *Appellee.*

Opinion filed April 7, 1983.

*John McNish,* assistant county attorney, and *Robert T. Stephan,* attorney general, for the appellant.

*Bruce H. Wingerd,* of Clay Center, for the appellee.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

FOTH, C.J.: This is an interlocutory appeal by the State from an order suppressing evidence.

On April 23, 1982, the defendant, Lucinda D. Hayes, was driving a gray Camaro in Abilene, Kansas, in such a manner as to attract the attention of an Abilene police officer, Officer Britt. Officer Britt radioed to another Abilene police officer, Officer Duer, that he should keep an eye on the Camaro. Officer Duer followed Ms. Hayes and when he attempted to run a license plate check to be sure the vehicle wasn't stolen, he discovered that the plate was not a Kansas plate, and that the state designation was not visible. The designation "The Hoosier State" was visible, but Officer Duer did not know which state was the Hoosier state.

Believing that the covered plate was a traffic violation, Officer Duer stopped the car and asked Ms. Hayes for her driver's license. When she opened her purse to get her license, Officer Duer and Officer Britt, who had just arrived on the scene, saw

packages of marijuana inside. The officers seized the marijuana and arrested Ms. Hayes.

Ms. Hayes moved for suppression of the marijuana that was seized from her purse. In sustaining her motion the trial court ruled that the contents of defendant's purse were in plain view and thus seizure of the marijuana would be lawful if the observing officer "was legally situated at the time he observed the item which gave him probable cause for the search and seizure." The parties do not dispute the fact that the marijuana was in plain view. In order for seizure of an item in plain view to be proper, the officer must have been lawfully in the position from where he saw the item. See *Coolidge v. New Hampshire,* 403 U.S. 443, 465-66, 29 L.Ed.2d 564, 91 S.Ct. 2022 (1971). Thus the only issue on appeal is whether Officer Duer stopped defendant lawfully. The trial court held he did not.

The State argues that the stop was justified, among other reasons, because the license plate was partially obscured. K.S.A. 8-133 requires that each vehicle registered in Kansas display its license plate as follows:

"Every number plate shall at all times be securely fastened to the vehicle to which it is assigned so as to prevent the plate from swinging, and at a height not less than twelve (12) inches from the ground, measuring from the bottom of such plate, in a place and position to be clearly visible, and shall be maintained free from foreign materials *and in a condition to be clearly legible* . . . ." Emphasis added.

While this statute does not specifically state that the state name must be visible when a license plate is displayed, it does state that the tag must be "legible." We read this to mean that *all* of the tag must be legible, including the state name, which may be the most important information on the tag.

The trial court, however, read the statute as applying only to tags issued in Kansas and not to out-of-state tags. This, we believe, was error. The operation in Kansas of a foreign-registered vehicle without a Kansas tag is lawful solely by virtue of K.S.A. 8-138a, which grants to nonresident owners the privilege of operating in Kansas a vehicle "duly licensed" in their own state to the extent that their state grants reciprocal privileges to Kansas residents. Taken to its logical extreme, under the restrictive view of our statute taken by the trial court an out-of-state motorist could drive with obscured tags or no tags at all. We are not cited to any Indiana statute which permits a "duly licensed"

Indiana vehicle to be operated without displaying its license tags. Indeed, the Indiana statute is almost identical to our own. Ind. Code Ann. § 9-1-4-7(b) (Burns 1980) provides:

"Every registration plate shall at all times be securely fastened, in a horizontal position, to the vehicle for which it is issued, so as to prevent the plate from swinging, and at a height of not less than twelve inches [12"] from the ground, measuring from the bottom of such plate, in a place and position to be clearly visible, and shall be maintained free from foreign materials and in a condition to be clearly legible. The view of such plate shall not be obstructed nor obscured by tires, bumpers, accessories or any other opaque objects."

While 8-138a grants reciprocity, it does not grant total exemption from Kansas law. The purpose of requiring display of a tag in the first place, and legibility of the tag displayed, is demonstrated by the very occurrence here. The obscured tag frustrated the officers in a routine license plate check. Law enforcement officials frequently must determine from tag numbers whether a vehicle is stolen; whether it is properly registered; or whether its occupant is suspected of a crime, is the subject of a warrant, or is thought to be armed. Out-of-state cars on Kansas highways are subject to the same police imperative as local vehicles.

We conclude that the display of an illegible or obscured vehicle tag is a violation of K.S.A. 8-133 even if the vehicle is duly licensed in another state. Such a violation is a misdemeanor under K.S.A. 8-149.

The trial court, in addition to finding 8-133 inapplicable to foreign vehicles, found that the legible legend "The Hoosier State" was sufficient state identification to excuse the obscured "Indiana." We think it asks too much of the average citizen, police officer or not, to hold him strictly accountable for knowing that the Hoosier state is Indiana. Many may know this, or other state nicknames, but some will not. Officer Duer testified he did not. On this issue we think the covering of the state name on a vehicle's license tag renders the tag illegible within the prohibition of K.S.A. 8-133, despite the fact that the state's nickname is legible.

It follows that the officers had probable cause to believe the defendant was committing a misdemeanor and were legally authorized to stop her. Since they were lawfully in a position to view the marijuana, the suppression order was erroneously entered.

Reversed and remanded for further proceedings.