**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45482**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 27, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) |
| JOSETTE MARIE HORTON, | ) |
| | ) |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Cynthia K. C. Meyer, District Judge.

Judgment of conviction for felony introduction of major contraband into a correctional facility and felony possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Theodore S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Josette Marie Horton appeals from her judgment of conviction for felony introduction of major contraband into a correctional facility and felony possession of a controlled substance. Horton argues that the district court erred in denying her motion to suppress evidence. On appeal, Horton asserts the district court erred in ruling that an expired registration from the state of Washington provided reasonable suspicion to conduct a traffic stop of her vehicle. For the reasons below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Around midnight in northern Idaho, an officer observed a vehicle without a front license plate. The vehicle was being driven by Horton. The officer turned his vehicle around to

investigate whether Horton's vehicle was registered in Idaho. As the officer did so, Horton's vehicle accelerated and turned sharply. The vehicle then stopped, at which point, the officer turned on his front lights and pulled up behind the parked vehicle. The vehicle was licensed and registered in Washington; however, the registration was expired. The officer approached the vehicle and questioned Horton regarding the expired registration. The officer observed white foam around Horton's mouth. Horton was also speaking rapidly, was unable to keep still, and was repeatedly licking her lips. Once backup had arrived, the officer informed Horton a K-9 unit had been requested. During the exchange, Horton stated there was a marijuana pipe behind her seat. Horton was then placed in handcuffs, and a drug detection dog was deployed. After the dog's alert, a subsequent search of the vehicle revealed a glass pipe, methamphetamine, and a scale with residue.

Horton was then transported to the county jail, during which time, she admitted to using methamphetamine. The officer asked if Horton had additional drugs on her person, to which she responded in the negative. Upon intake at the county jail, more methamphetamine was found on Horton's person. Horton was charged with introduction of major contraband into a correctional facility, Idaho Code § 18-2510(3); possession of methamphetamine, I.C. § 37-2732(c)(1); driving under the influence, I.C. § 18-8004(1)(a); attempted eluding, I.C. § 49-1404(1); and possession of drug paraphernalia, I.C. § 37-2734A(1).

Horton filed a motion to suppress the evidence, arguing I.C. § 49-430 does not apply to out-of-state vehicles. The district court inquired as to whether I.C. § 49-456[1] was the appropriate statute. The State argued either statute provided a proper legal basis for the stop. Ultimately, the district court ruled that it is Idaho law that "vehicles operating in Idaho have current registration" and that officers have "reasonable, articulable suspicion for conducting a traffic stop when they perceive a vehicle with expired registration tabs." Because the registration tabs were expired, the district court found there was reasonable suspicion and denied the motion to suppress.

---

[1] Idaho Code § 49-456 states that it is "unlawful for any person to operate or for the owner to permit the operation upon a highway of any motor vehicle, trailer or semitrailer which is not registered and which does not have attached and displayed the license plates assigned to it for the current registration year . . . ."

Horton entered a guilty plea to felony introduction of major contraband and felony possession of a controlled substance, reserving her right to appeal the denial of her motion to suppress. Horton timely appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

On appeal, Horton argues the district court erred when it concluded the officer had reasonable suspicion to stop Horton's vehicle for a suspected violation of I.C. §§ 49-430 and/or 49-456 because *State v. Morgan*, 154 Idaho 109, 294 P.3d 1121 (2013) instructs that these sections of the Idaho Code only apply to vehicles registered within the state of Idaho. Specifically, Horton maintains that because "registration" means "the registration certificate or certificates and license plate or plates *issued under the laws of this state* pertaining to the registration of vehicles," I.C. §§ 49-430 and 49-456 only apply to vehicles registered in the state of Idaho. In response, the State asserts that unlike the statute analyzed in *Morgan*, the plain language of I.C. §§ 49-430 and/or 49-456 and the entire Motor Vehicle Code apply to all vehicles driven on Idaho highways and not solely those licensed and registered in Idaho.

A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208,

3

953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. If the language is clear and unambiguous, there is no occasion for the court to resort to legislative history or rules of statutory interpretation. *Escobar*, 134 Idaho at 389, 3 P.3d at 67. "Legislative definitions of terms included within a statute control and dictate the meaning of those terms as used in the statute." *State v. Yzaguirre*, 144 Idaho 471, 477, 163 P.3d 1183, 1189 (2007).

Idaho Code § 49-119(9) defines "registration" as "the registration certificate or certificates and license plate or plates issued under the laws of this state pertaining to the registration of vehicles." Idaho Code § 49-122(4) defines an "unregistered vehicle" as "a vehicle without current registration on file with the department or with the appropriate agency of another state, unless exempt from registration." [2] Idaho Code § 49-1408(1) states, "All of the provisions of this title apply both to residents and nonresidents of Idaho, except the special provisions in this section which shall govern misdemeanor violations in respect to nonresidents under the circumstances stated." Idaho Code § 49-2420 provides, "Subject to compliance with the motor vehicle laws of Idaho, nonresident owners, operators of, and persons riding in motor vehicles hereby are granted the privilege of using the highways of Idaho." Read as a whole, it is clear

---

[2] Idaho Code § 49-456 establishes the exemptions provided in I.C. §§ 49-426, 49-431, and 49-432. Idaho Code § 49-426 exempts a variety of vehicles with respect to operating fees, including registration fees. Idaho Code § 49-431 addresses registration of vehicles after assignment or transfer of interest. Idaho Code § 49-432 regulates temporary registration.

that certain portions of the Motor Vehicle Code, Title 49, apply to both in-state and out-of-state drivers and vehicles operating on Idaho roadways. It is also clear that certain provisions pertain solely to Idaho drivers and vehicles.[3]

The statutes at issue here, I.C. § 49-456 and I.C. § 49-430 respectively, state that it is "unlawful for any person to operate or for the owner to permit the operation upon a highway of any motor vehicle, trailer or semitrailer which is not registered and which does not have attached and displayed the license plates assigned to it for the current registration year . . ." and requires that "reregistration of vehicles shall be accomplished annually or by registration period in the same manner as the original registration and upon the payment of the required fee."

In contrast to the statute addressed in *Morgan*, the statutes involved here apply to both in-state and out-of-state vehicles. In *Morgan*, an officer stopped a vehicle licensed in Washington for driving without a front license plate. The Idaho Supreme Court, with an understanding of the statutory scheme of Title 49, held that the requirement for vehicles to display both front and rear license plates only applies to vehicles registered in Idaho and does not extend to vehicles registered in other states. *Morgan*, 154 Idaho at 112, 294 P.3d at 1124. The distinguishing factor in this case is that the statute in *Morgan* related to the location where a license plate must be displayed, as opposed to the requirement here that all vehicles must be properly registered.

Idaho Code § 49-456 plainly states that it is unlawful for any person to operate any vehicle which is not registered upon a highway. As a purely textual matter, the statute applies on its face to "any motor vehicle" operating on a highway, not just vehicles registered in Idaho. In addition, an "unregistered vehicle" is one which is without "current registration on file with the department or with the appropriate agency of another state." I.C. § 49-122(4). Thus, it is clear

---

[3]    Other states have determined that portions of their motor vehicle laws apply solely to in-state vehicles, while other portions apply to all vehicles operated on roadways within the state. *See, e.g.*, *Wilson v. State*, 702 S.E.2d 2, 4 (Ga. Ct. App. 2010) (holding that the visibility and display portions of the registration statute apply to vehicles whether registered in Georgia or out of state); *United States v. Simpson*, 520 F.3d 531, 536-37 (6th Cir. 2008) (Tennessee statute requiring every vehicle registration plate to be clearly legible did not exempt out-of-state registration plates); *People v. Miller*, 611 N.E.2d 11, 20 (Ill. App. Ct. 1993) (treating Illinois statute requiring license plate to be "clearly visible" as applying to a Texas-registered vehicle); *State v. Hayes*, 660 P.2d 1387, 1389 (Kan. Ct. App. 1983) (interpreting Kansas statute and concluding that "the display of an illegible or obscured vehicle tag is a violation . . . even if the vehicle is duly licensed in another state").

from the plain language used in the statutes that "nonresident owners, operators of, and persons riding in motor vehicles" must comply with certain provisions of the motor vehicles laws of Idaho. One of which is that a vehicle, operated on an Idaho highway, must be a registered vehicle, either by this state or with the "appropriate agency of another state."

Based on the plain language of the statutes and the statutory scheme of Title 49, it is clear that Idaho law requires both in-state and out-of-state vehicles to have current registration while operating on Idaho highways. Thus, although Horton's vehicle was registered in Washington, the officer had reasonable suspicion for the stop because Horton was driving her vehicle in Idaho and because the officer suspected the vehicle, in violation of I.C. §§ 49-430 and 49-456, was not registered.

## IV.

## CONCLUSION

Idaho Code §§ 49-430 and 49-456 apply equally to in-state and out-of-state vehicles operated within Idaho. Therefore, the district court did not err in denying Horton's motion to suppress. Accordingly, Horton's judgment of conviction for felony introduction of major contraband and felony possession of a controlled substance is affirmed.

Chief Judge GRATTON and Judge HUSKEY **CONCUR**.