# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 49937

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

MICHAEL JACK HAGERTY,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: August 1, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, Senior District Judge.

Order denying motion to suppress evidence and judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Michael Jack Hagerty appeals his conviction for trafficking in methamphetamine. Hagerty argues the district court erred by denying his motion to suppress because the deputy's seizure of Hagerty was pretextual, the deputy unlawfully extended the seizure and did not have probable cause to search his vehicle, and his statements should have been suppressed. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

A deputy was checking license plates in a rest area as part of an ongoing search for a missing person. The deputy observed a vehicle with expired license plates and ran a check of the vehicle's registration. Hagerty was listed as the vehicle's registered owner. The results also showed that Hagerty had an outstanding warrant for failure to appear in addition to cautions for

1

battery on law enforcement, resisting, violent tendencies, and drug abuse. The deputy approached the vehicle and observed Hagerty sleeping while reclined in the driver's seat. The deputy placed a small spike strip on the ground in front of the passenger side rear tire and then knocked on the driver's window. Hagerty woke up and rolled down the window. The deputy immediately smelled the odor of marijuana coming through the window and observed that Hagerty had red eyes, dilated pupils, and white film around his mouth. Hagerty identified himself and acknowledged the outstanding warrant. Hagerty denied having marijuana and became increasingly agitated.

The deputy placed Hagerty in handcuffs in the back of the patrol car, and then the deputy had his drug-detecting canine perform a free air sniff around Hagerty's vehicle. The canine alerted. Based on the alert, the deputy searched the vehicle and found a bag of methamphetamine, twelve fentanyl pills, a baggie of marijuana, a pipe containing marijuana residue, and other items of paraphernalia near the driver's seat and in the center console. The deputy attempted to read Hagerty his *Miranda*[1] rights. Hagerty interrupted the deputy and asked to be taken to jail. After arriving at the jail, the deputy informed Hagerty that his charges could change based on the weight of the methamphetamine, to which Hagerty spontaneously stated, "It's an ounce and a half." When the deputy attempted to give Hagerty information about resources to address drug addiction, Hagerty said, "It'll be life already sir, so it don't matter."

Hagerty was charged with trafficking in methamphetamine, possession of fentanyl, possession of marijuana, possession of drug paraphernalia, resisting or obstructing an officer, and a persistent violator enhancement. Following the preliminary hearing, Hagerty elected to proceed pro se. Hagerty filed a motion to suppress asserting the evidence discovered in his vehicle and any statements he made during the seizure should be suppressed. After a hearing, the district court denied Hagerty's motion to suppress finding that the initial encounter was supported by reasonable suspicion of expired license plates; the deputy had probable cause of ongoing drug activity, justifying any extension or expansion of the stop beyond investigating the expired registration; the drug dog's positive alert on Hagerty's vehicle gave the deputy probable cause to search without a warrant or consent; and Hagerty's *Miranda* rights were not violated because his statements were spontaneously given and not in response to a custodial interrogation.

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Following denial of the motion to suppress, the district court reappointed counsel. Hagerty entered a conditional guilty plea to trafficking in methamphetamine. Idaho Code § 37-2732B(3). The remaining charges and the persistent violator enhancement were dismissed. Hagerty reserved the right to appeal the denial of his suppression motion. Hagerty appeals from his judgment of conviction, asserting the district court erred in denying his motion to suppress.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Mindful that the arguments he makes are not supported by existing case law, Hagerty argues the district court erred in denying his motion to suppress because his seizure was pretextual, the deputy unlawfully extended the seizure and did not have probable cause to search his vehicle, and his statements should have been suppressed because he was not read his *Miranda* rights.

### A. Legality of the Initial Seizure

The Fourth Amendment to the United States Constitution, and its counterpart, Article I, Section 17 of the Idaho Constitution, guarantee the right of every citizen to be free from unreasonable searches and seizures. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979); *Atkinson*, 128 Idaho at 561, 916 P.2d at 1286. Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must

3

be evaluated upon the totality of the circumstances at the time of the stop. *State v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988).

The district court determined that the deputy's contact with Hagerty began as part of a search for a missing person and that the deputy was checking license plates of all vehicles in the rest area to see if there was a connection to the missing person. The deputy observed that Hagerty's license plates were expired. The district court found that an investigation regarding the license plate was permitted and did not implicate the Fourth Amendment regardless of whether it was prompted by a search for the missing person or due to the license plates being expired. Additionally, the district court determined that the deputy had reasonable suspicion, based on specific and articulable facts, that Hagerty committed a traffic violation because his registration was expired. An officer may stop a vehicle to investigate expired registration tags upon observing that the registration tags are expired. *State v. Horton*, 164 Idaho 649, 434 P.3d 824 (Ct. App. 2018). Thus, the district court correctly concluded the deputy had reasonable suspicion, based upon specific and articulable facts, to investigate the expired registration tags.

Hagerty, however, asserts the deputy's expired registration purpose was pretextual because the deputy did not inform Hagerty of the expired registration or ask for his license, registration, or insurance until later and the deputy did not diligently pursue the seizure's original purpose. As a result, Hagerty argues that the deputy did not have a lawful basis to initiate the seizure. Hagerty makes this argument mindful of United States Supreme Court and Idaho case law that holds law enforcement's subjective intentions are irrelevant to the reasonableness or validity of an officer's basis to initiate a seizure. *Whren v. United States*, 517 U.S. 806, 813-814 (1996); *State v. Myers*, 118 Idaho 608, 610, 798 P.2d 453, 455 (Ct. App. 1990). Moreover, Hagerty acknowledges that the district court found the deputy credible regarding observing the expired registration and discovering the outstanding warrant. Thus, the district court did not err in concluding that the initial encounter with law enforcement was lawful.

**B.     Legality of the Extension of the Seizure and Search of the Vehicle**

Hagerty argues that the deputy did not have probable cause to extend the seizure for a drug investigation or to search his vehicle. The district court determined that the deputy had probable cause to believe Hagerty's vehicle contained drug contraband or evidence of a crime. The deputy's query of Hagerty's license plate showed an outstanding warrant and several "cautions" related to Hagerty's past conduct. The deputy smelled the odor of marijuana coming from Hagerty's vehicle and observed Hagerty had red eyes, dilated pupils, and a white film around his mouth. The deputy also smelled the odor of marijuana in the patrol car after placing Hagerty in the back seat. Thus, the deputy was lawfully permitted to extend the stop and investigate Hagerty for criminality different from that which initially prompted the stop. The district court determined that the odor of marijuana, Hagerty's appearance, and the drug dog alert gave the deputy probable cause to believe Hagerty's vehicle contained drug contraband or evidence of a crime.

The purpose of a stop is not permanently fixed at the moment it is initiated because suspicion of criminality different from that which initially prompted the stop may arise during the course of detention. *State v. Randall*, 169 Idaho 358, 363-64, 496 P.3d 844, 849-50 (2021). A detention initiated for one investigative purpose may disclose suspicious circumstances that justify expanding the investigation to other possible crimes. *State v. Perez-Jungo*, 156 Idaho 609, 614, 329 P.3d 391, 396 (Ct. App. 2014). Thus, the length and scope of the initial investigatory detention may be expanded without violating the Fourth Amendment if there exists objective and articulable facts that give rise to reasonable suspicion that the detained individual is, has been, or is about to engage in some other criminal activity. *Id*. at 614-15, 329 P.3d at 396-97.

Hagerty acknowledges the district court found the deputy's testimony that he smelled the odor of marijuana to be credible. As to his argument that the deputy did not have reasonable suspicion or probable cause to extend the stop, Hagerty is mindful that Idaho precedent holds the odor of burned marijuana from the passenger compartment of a vehicle is sufficient to establish probable cause to search the passenger compartment. *State v. Schmadeka*, 136 Idaho 595, 600, 38 P.3d 633, 638 (Ct. App. 2001). He is also mindful that the automobile exception allows police to search a vehicle without a warrant when there is probable cause to believe the vehicle contains contraband or evidence of a crime. The automobile exception allows police to search every part of a vehicle and its contents that may conceal the object of the search without a warrant when there is probable cause to believe the vehicle contains contraband or evidence of a crime. *State v.*

*Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Nonetheless, Hagerty maintains that the deputy was constitutionally required to obtain a search warrant to search his vehicle because the automobile exception did not apply. Hagerty asserts the deputy's extension of the traffic stop for a drug investigation and search of the vehicle were both constitutionally unreasonable.

Hagerty's argument lacks merit. The odor of marijuana established probable cause for the deputy to search Hagerty's vehicle. The automobile exception is an exception to the warrant requirement and provides a constitutional basis for the search. Further, the deputy ran his drug-detecting canine around the exterior of the vehicle to confirm the odor of narcotics before undertaking the search. The drug dog's alert on the vehicle was sufficient to establish probable cause for a warrantless search of the interior. *See State v. Randall*, 169 Idaho 358, 366, 496 P.3d 844, 852 (2021). The district court correctly concluded that the deputy had probable cause to extend the traffic stop into a drug investigation and to search the vehicle.

## C.      Legality of Evidence of Hagerty's Statements

Hagerty argues that statements he made at the jail should have been suppressed as a violation of *Miranda*. The requirement for *Miranda* warnings is triggered by custodial interrogation. *State v. Medrano*, 123 Idaho 114, 117, 844 P.2d 1364, 1367 (Ct. App. 1992). It is undisputed that Hagerty was in custody at the time his statements were made at the jail. The question is whether the statements were made in response to interrogation.

The district court held Hagerty was in custody but determined that the statements Hagerty sought to suppress were not the product of an interrogation because his statements were spontaneous and not in response to specific questions asked by the deputy. Any statement given freely and voluntarily without any compelling influences is admissible in evidence. *Miranda*, 384 U.S. at 478. Volunteered statements are not barred by the Fifth Amendment. *Id.* Spontaneous statements are admissible whether they occur before or after *Miranda* rights are read. *State v. Rhoades*, 120 Idaho 795, 805, 820 P.2d 665, 675 (1991). Hagerty recognizes the district court determined his statements were spontaneous and not in response to any questioning by the deputy. Nonetheless, again mindful of the contrary authority, Hagerty argues evidence of his statements should be suppressed as he was never read his *Miranda* rights and that his statements were the fruit of the unlawful seizure or search of his vehicle. Hagerty's argument lacks merit. Hagerty's statements were also not made in violation of his *Miranda* rights. When the deputy tried to read Hagerty his *Miranda* rights, Hagerty interrupted the process and asked to be taken to jail. After

arriving at the jail, the deputy informed Hagerty that his charges could change based on the weight of the methamphetamine and Hagerty stated, "It's an ounce and a half." When the deputy attempted to give Hagerty information about resources to address drug addiction, Hagerty said, "It'll be life already sir, so it don't matter." Hagerty's statements were volunteered and not the product of interrogation. The district court correctly determined that Hagerty was not subject to an interrogation and, thus, there was no *Miranda* violation.

## IV.

## CONCLUSION

The district court properly concluded the deputy possessed specific, articulable facts providing reasonable suspicion of criminal activity to justify Hagerty's detention in order to confirm or dispel that suspicion. Pursuant to the automobile exception, the odor of marijuana provided the deputy probable cause to search Hagerty's vehicle. Hagerty's statements were voluntary and not made in violation of his *Miranda* rights. The district court did not err in denying Hagerty's motion to suppress, and the judgment of conviction is affirmed.

Chief Judge LORELLO and Judge HUSKEY **CONCUR**.

7