**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50636**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 30, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ARLYN V. ORR, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Lemhi County. Hon. Stevan H. Thompson, District Judge.

Order denying motion to suppress and judgment of conviction for felony driving under the influence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Arlyn V. Orr appeals from his judgment of conviction for felony driving under the influence. Orr argues the district court erred in denying his motion to suppress because the officer did not have reasonable suspicion to conduct a traffic stop. Orr argues the Idaho Transportation Department's (ITD) Notice of Emergency Extensions (Notice) for vehicle registrations during the COVID-19 pandemic rendered his expired vehicle registration valid. The Notice did not extend Orr's expired registration, so the officer had reasonable suspicion to conduct a traffic stop. Orr's judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 8, 2020, an officer stopped Orr for having an expired vehicle registration. Orr's registration expired in February of 2019. Orr was ultimately arrested and charged with felony

1

driving under the influence (DUI), Idaho Code §§ 18-8004, 18-8005(9), resisting and obstructing, I.C. § 18-705, possession of an open container of alcohol in a motor vehicle, I.C § 23-505, and a persistent violator enhancement, I.C. § 19-2514. Orr filed a motion to suppress evidence obtained as a result of the stop, arguing that the officer who conducted the traffic stop lacked reasonable suspicion because ITD's Notice applied to his expired registration. After a hearing, the district court issued its written decision denying Orr's motion to suppress. The district court held that the officer had reasonable suspicion to conduct the traffic stop because the Notice did not extend Orr's expired registration. Pursuant to a plea agreement, Orr entered a conditional guilty plea to felony DUI, reserving the right to challenge the denial of his motion to suppress. The State dismissed the persistent violator enhancement and agreed to conditionally dismiss the remaining misdemeanor charges depending on the outcome of this appeal. Orr appeals.

## II.

## STANDARD OF REVIEW

The determination of the meaning of an administrative rule and its application is a matter of law over which this Court exercises free review. *Woodburn v. Manco Prods.*, *Inc.*, 137 Idaho 502, 504, 50 P.3d 997, 999 (2002).

## III.

## ANALYSIS

Orr argues the district court erred by denying his motion to suppress because the officer did not have reasonable suspicion to conduct a traffic stop. Orr asserts that his expired registration was extended pursuant to ITD's Notice, which he argues extended all expired and expiring vehicle registrations through June 2020. The State argues that the Notice applied only to vehicle registrations that expired between March 1, 2020, and May 31, 2020, and as a result, the grace period provided by the Notice did not apply to Orr's registration, which expired more than a year before the extension was issued.

The Notice was issued on March 17, 2020, and provided, in pertinent part: "Effective immediately, the Idaho Transportation Department has also extended all Vehicle Registrations and Temporary Handicap Placards that are expired or will expire between March 1, 2020, and May 31, 2020, to be valid until June 30, 2020." Orr argues that the Notice extended every registration that was expired prior to March 1, 2020, based on the language "that are expired," which appeared in

2

the Notice. Further, Orr argues the Notice intended to make a distinction based on the status of the registration during the emergency period provided by the Notice.

Interpretation of an administrative rule begins with the literal language of the rule. *Grace at Twin Falls*, *LLC v. Jeppesen*, 171 Idaho 287, 292, 519 P.3d 1227, 1232 (2022).

> Provisions should not be read in isolation, but must be interpreted in the context of the entire document. The rule should be considered as a whole, and words should be given their plain, usual, and ordinary meanings. It should be noted that the Court must give effect to all the words and provisions of the rule so that none will be void, superfluous, or redundant. When the rule's language is unambiguous . . . the Court need not consider rules of statutory construction.

*Id.* Orr's argument that the plain language of the Notice extended his year-old expired registration is unpersuasive. The language regarding registrations "that are expired" applies to those registrations that expired between March 1 (the date in the Notice) and March 17 (the date the Notice was issued). The language "will expire" applies to those vehicle registrations that would expire between March 17 and May 31. Thus, reading the phrase "that are expired" in context, the Notice provides those registrations that expired *between* March 1, 2020, and May 31, 2020, will be valid until June 30, 2020. The Notice does not provide an exemption for vehicle registrations that expired prior to March 1, 2020. Because Orr's registration expired in February 2019, almost a year prior to the dates listed in the Notice, he was not covered by the Notice.

Orr further argues that not including those registrations that expired prior to March 1, 2020, the beginning of the grace period, would render the language "that are expired" superfluous. We disagree. In the Notice, the words "that are expired" apply to those registrations that expired after March 1, 2020, but before the Notice was issued on March 17, 2020. The language was not superfluous, but instead, designated a category of expired registrations defined by date.

Orr asserts that by including all expired registrations at the time the Notice was published, it furthered the purpose of the Notice because late renewing registrants were also prevented from visiting the Department of Motor Vehicle (DMV) offices. Here, the purpose of the Notice was not to eliminate the method by which owners could register their vehicles. Rather, the Notice was intended to issue emergency extensions to certain vehicle registrations to "reduce crowds and protect against the spread of the coronavirus." Further, the Notice stated: "If you need to visit a DMV, please contact your local DMV office prior to travel to ensure they are open for business." Thus, the Notice did not prevent Orr from visiting or renewing his vehicle registration. It merely

3

provided a grace period for extending those registrations that fell within the timeframe designated in the Notice.

Finally, Orr argues that, although the Notice recommended "anyone with an expired credential covered in this notice carry a copy of this notice," that recommendation did not mean the officer could lawfully stop drivers for displaying expired registration stickers during the emergency period." We disagree. An expired registration constitutes grounds for an officer to effectuate a traffic stop on the driver. *See State v. Horton*, 164 Idaho 649, 653, 434 P.3d 824, 828 (Ct. App. 2018) (holding officer had reasonable suspicion for traffic stop based on expired registration). The recommendation in the Notice provided the driver with a reason to explain why the otherwise expired registration was still valid but had no effect on whether the officer had reasonable suspicion to initiate a traffic stop.

Orr's registration expired in February 2019, well before the timeframe provided by ITD's Notice. The district court did not err in concluding the Notice did not apply to vehicle registrations that expired before March 1, 2020. Orr's expired registration provided reasonable suspicion for the officer to conduct a traffic stop. The district court did not err in denying Orr's motion to suppress.

## IV.

## CONCLUSION

The district court did not err in denying Orr's motion to suppress because the officer had reasonable suspicion to conduct a traffic stop based on Orr's expired registration, which was not covered by the grace period established by ITD's Notice. Therefore, Orr's judgment of conviction is affirmed.

Judge LORELLO and Judge TRIBE, **CONCUR**.