# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 49785-2022

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, April 2025 Term |
| | ) | |
| v. | ) | Opinion filed: June 30, 2025 |
| | ) | |
| JOHN MICHAEL SHERWOOD, | ) | Melanie Gagnepain, Clerk |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. Scott L. Wayman and Barbara Duggan, District Judges.

The decisions of the district court are <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender, Boise, for Appellant. Jason C. Pintler argued.

Raúl R. Labrador, Idaho Attorney General, Boise, for Respondent. John C. McKinney argued.

---

ZAHN, Justice.

John Michael Sherwood appeals from his judgment of conviction for trafficking in marijuana. Law enforcement officers stopped Sherwood for a suspected violation of Idaho Code section 49-456 because the Rhode Island license plate attached to the car he was driving was actually registered to a different car. During the stop, a deputy discovered over 100 pounds of marijuana, and Sherwood was arrested for trafficking in marijuana.

Sherwood later moved to suppress any evidence obtained during the traffic stop, arguing that there was no legal basis for the stop because the vehicle's license plate complied with Rhode Island law, and therefore he did not violate Idaho Code section 49-456. The district court denied the motion.

Sherwood later moved to dismiss his case on the basis that his speedy trial rights under Idaho Code section 19-3501 had been violated because his trial would take place more than six

months after the Information against him was filed. The district court denied the motion after determining that the COVID-19 pandemic and the Idaho Supreme Court's pandemic-related orders provided good cause for the delay of Sherwood's trial. A jury later found Sherwood guilty of trafficking in marijuana.

Sherwood appeals from his judgment of conviction. On appeal he raises a new argument concerning how the district court erred in denying his motion to suppress: that Idaho Code section 49-456 only applies to vehicles registered in Idaho so it did not apply to the vehicle he was driving. He also argues that the district court erred in denying his motion to dismiss because it failed to evaluate the factors set forth in Idaho Criminal Rule 28. Neither argument is persuasive, and we affirm the district court's orders denying the respective motions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Two deputies with the Kootenai County Sheriff's Office conducted a traffic stop of Sherwood after determining that the Rhode Island license plate attached to the Mercedes that he was driving was actually registered to a Cadillac. According to Idaho Code section 49-456(3), it is a violation of Idaho law for any person "[t]o display or cause or permit to be displayed, or to have in possession, any registration card or license plate knowing the same to be fictitious . . . ." I.C. § 49-456(3). During a discussion with Sherwood through the open driver's side window, one of the deputies detected the odor of marijuana coming from the car. The deputy asked Sherwood to exit his car and another deputy had his drug dog sniff around the car's exterior. The dog alerted on the vehicle, and Sherwood subsequently admitted that there was marijuana inside. The deputies then searched the vehicle and discovered drug paraphernalia and over 100 pounds of marijuana. Sherwood was arrested, and the State later filed an Information charging Sherwood with trafficking in marijuana.

Sherwood filed a motion to suppress any evidence obtained during the traffic stop arguing, in part, that there was no legal basis for the stop because Sherwood's license plate complied with Rhode Island law and, therefore, was not fictitious under Idaho Code section 49-456. Sherwood claimed he traded the Cadillac in for the Mercedes, and that while he was at the dealership, someone moved the Rhode Island license plate that was on the Cadillac to the Mercedes. He also claimed that he had an appointment set with the Rhode Island Department of Motor Vehicles to have the title transferred into his name and the plate transferred to the new car. The district court denied Sherwood's motion to suppress after determining that he violated Idaho Code section 49-

2

456 by driving with a fictitious plate and that he failed to show that the stop would have been unlawful under Rhode Island law.

Sherwood's case was originally scheduled to go to trial on October 26, 2021, but was rescheduled for November 3, 2021, to accommodate a hearing on Sherwood's motion to suppress. The trial date was again vacated due to pandemic-related emergency orders suspending jury trials in Kootenai County. On November 12, 2021, nearly six months after the Information was filed, Sherwood filed a motion to dismiss the charges on the basis that the delays violated his right to a speedy trial under Idaho Code section 19-3501 and the United States Constitution. The district court denied his motion after determining that the COVID-19 pandemic and the Idaho Supreme Court's pandemic-related orders provided good cause to delay Sherwood's trial.

Sherwood's case proceeded to trial and the jury found him guilty. Following sentencing, the district court entered a judgment of conviction. Sherwood appeals and argues that the district court erred in denying his motion to suppress and his motion to dismiss.

## II. ISSUES ON APPEAL

1. Whether the district court erred by denying Sherwood's motion to suppress.
2. Whether the district court erred by denying Sherwood's motion to dismiss based on a violation of his statutory right to speedy trial.

## III. STANDARDS OF REVIEW

"The standard of review for the denial of a motion to suppress is bifurcated." *State v. Ortiz*, ___ Idaho ___, ___, 562 P.3d 450, 453 (2025) (citing *State v. Lancaster*, 171 Idaho 236, 240, 519 P.3d 1176, 1180 (2022)). "This Court will defer to the trial court's factual findings unless clearly erroneous. However, free review is exercised over a trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found." *Id.* (quoting *State v. Karst*, 170 Idaho 219, 222, 509 P.3d 1148, 1151 (2022)).

"Whether a defendant's right to a speedy trial was infringed is a mixed question of law and fact." *State v. Mansfield*, ___ Idaho ___, ___, 559 P.3d 1177, 1186 (2024) (citing *State v. Clark*, 135 Idaho 255, 257, 16 P.3d 931, 933 (2000)). This Court accepts the trial court's factual findings that are supported by substantial and competent evidence but exercises free review over the trial court's legal conclusions. *Id.* "A trial judge does not have unbridled discretion to find good cause, however, and on appeal [this Court] will independently review the lower court's decision." *Id.* (alteration in original) (quoting *Clark*, 135 Idaho at 260, 16 P.3d at 936).

3

## IV. ANALYSIS

**A. We affirm the district court's decision denying Sherwood's motion to suppress because Idaho Code section 49-456(3) applies to any vehicle driven in Idaho.**

"Traffic stops constitute seizures under the Fourth Amendment." *State v. Morgan*, 154 Idaho 109, 112, 294 P.3d 1121, 1124 (2013) (quoting *State v. Henage*, 143 Idaho 655, 658, 152 P.3d 16, 19 (2007)). "The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures." *State v. Hoskins*, 165 Idaho 217, 220, 443 P.3d 231, 234 (2019). A "seizure made to investigate a traffic violation is valid under the Fourth Amendment so long as the seizing officer has reasonable suspicion that a traffic violation actually occurred." *State v. Warren*, 169 Idaho 588, 591, 499 P.3d 423, 426 (2021) (citing *Rodriguez v. United States*, 575 U.S. 348 (2015)). "Reasonable suspicion must be based on specific, articulable facts and the rational inferences that can be drawn from those facts." *Morgan*, 154 Idaho at 112, 294 P.3d at 1124 (quoting *State v. Bishop*, 146 Idaho 804, 811, 203 P.3d 1203, 1210 (2009)).

Here, Sherwood's car was stopped because a deputy learned that the Rhode Island license plate on the Mercedes that Sherwood was driving was in fact registered to a Cadillac. Therefore, the deputy believed Sherwood was driving with a fictitious license plate in violation of Idaho Code section 49-456(3).

In his motion to suppress, Sherwood argued that Idaho Code section 49-456 did not apply to the Mercedes he was driving because Rhode Island law permitted him to take the license plate off of his old car, the Cadillac, and put it on his new car, the Mercedes. Sherwood also asserted that he had an appointment to go into the Rhode Island Department of Motor Vehicles to have the license plate formally transferred, but he had experienced delays in obtaining the appointment due to the COVID-19 pandemic.

In denying Sherwood's motion to suppress, the district court noted that Sherwood failed to cite any controlling authority in support of his position that Rhode Island law applied. The district court then cited *State v. Horton*, 164 Idaho 649, 653, 434 P.3d 824, 828 (Ct. App. 2018), which held that Idaho Code section 49-456 applies to out-of-state vehicles driven in Idaho.

On appeal, Sherwood argues that the plain language of Idaho Code section 49-456 only applies to vehicles registered in Idaho; therefore, the *Horton* decision is manifestly wrong. Sherwood acknowledges that he did not raise this argument before the district court and argues that this Court's precedent permits him to raise the argument for the first time on appeal because *Horton* was binding precedent that the district court was legally required to follow.

4

The State argues that Sherwood's argument on appeal fundamentally differs from the argument raised below and therefore is unpreserved. The State further argues that *Horton* was correctly decided because the plain language of Idaho Code section 49-456(3) applies to all vehicles operated in Idaho, regardless of where they are licensed.

1. *Sherwood's argument is properly before this Court.*

Addressing the preservation issue first, we hold that Sherwood's argument is properly before this Court. Generally, "[t]his Court will not consider issues raised for the first time on appeal." *State v. Garcia-Rodriguez*, 162 Idaho 271, 275, 396 P.3d 700, 704 (2017) (quoting *Mickelsen Constr., Inc. v. Horrocks*, 154 Idaho 396, 405, 299 P.3d 203, 212 (2013)). However, this Court has acknowledged that a different rule applies to issues that "could not effectively surface below." *State v. Plata*, 171 Idaho 833, 841, 526 P.3d 1003, 1011 (2023). In *Plata*, the State raised, for the first time on appeal, the issue of whether there was a reasonable mistake of law exception to Idaho's independent exclusionary rule. *Id.* Because there was a Court of Appeals decision on point declining to adopt the exception, the district court was bound by that precedent. *See id.* The district court did not have authority to overturn or disregard the Court of Appeals' decision. *Id.* This Court determined that the State could raise its reasonable mistake of law argument for the first time on appeal because it could not effectively surface before the district court. *Id.*

Similarly, in this case, the issue of whether Idaho Code section 49-456 only applies to vehicles registered in Idaho could not have effectively surfaced below because the Court of Appeals' decision in *Horton* was binding on the district court. "[A]ll tribunals inferior to the Court of Appeals are obligated to abide by decisions issued by the Court of Appeals." *State v. Guzman*, 122 Idaho 981, 986, 842 P.2d 660, 665 (1992). *Horton* held that section 49-456 applies to out-of-state vehicles, and the district court was bound to apply that decision in Sherwood's case. Sherwood's appeal to this Court is his first valid opportunity to argue that *Horton* should be overturned because Idaho Code section 49-456 does not apply to out-of-state vehicles. Because this issue could only effectively surface for the first time on appeal, we apply the rule we set forth in *Plata* and hold that the issue is properly before us. *See Plata*, 171 Idaho at 841, 526 P.3d at 1011.

## 2. *The Court of Appeals' decision in* Horton *is not manifestly wrong.*

We now turn to the merits of Sherwood's argument. In *Horton*, a driver was pulled over while driving a Washington-licensed vehicle with an expired registration. 164 Idaho at 651, 434 P.3d at 826. Drugs and paraphernalia were found in the vehicle and Horton was criminally charged. *Id.* Horton moved to suppress evidence found as a result of the stop, and the district court denied the motion because it determined the officer had reasonable suspicion for the stop under Idaho Code section 49-456(1). *Id.* On appeal, Horton argued that the statute only applied to vehicles registered in Idaho. *Id.* The Court of Appeals rejected that argument and held that the plain language of section 49-456 applies to any vehicle driven in Idaho. *Id.* at 653, 434 P.3d at 828.

On appeal, Sherwood argues that we should overturn *Horton* because it is manifestly wrong. He argues that Idaho Code section 49-119(9) defines "registration" as "the registration certificate or certificates and license plate or plates *issued under the laws of this state* pertaining to the registration of vehicles." I.C. § 49-119(9) (emphasis added). As such, Sherwood argues that the use of the word "registration" in Idaho Code section 49-456 dictates that the statute only applies to vehicles registered in Idaho. We disagree.

"Statutory interpretation is a question of law that receives de novo review from this Court." *State v. Burke*, 166 Idaho 621, 623, 462 P.3d 599, 601 (2020) (citing *State v. Schulz*, 151 Idaho 863, 865, 264 P.3d 970, 972 (2011)). "If the statutory language is unambiguous, we need not engage in statutory construction and are free to apply the statute's plain meaning." *State v. Barr*, 174 Idaho 392, ___, 555 P.3d 1082, 1085 (2024) (quoting *Nordgaarden v. Kiebert*, 171 Idaho 883, 890, 527 P.3d 486, 493 (2023)). In interpreting a statute, "provisions are interpreted within the context of the whole statute, not as isolated provisions." *Burke*, 166 Idaho at 623, 462 P.3d at 601. "This includes giving effect to 'all the words and provisions of the statute so that none will be void, superfluous, or redundant.' " *Id.* (quoting *Schulz*, 151 Idaho at 866, 264 P.3d at 973).

Idaho Code section 49-456(3) prohibits the display of a fictitious license plate:

It shall be unlawful for any person:

> . . . .
> (3) To display or cause or permit to be displayed, or to have in possession, any registration card or license plate knowing the same to be fictitious or to have been canceled, revoked, suspended or altered.

By its plain language the statute applies to "*any* person" with "*any* registration card or license plate" that is fictitious. I.C. § 49-456(3) (emphasis added). Use of the word "any" demonstrates

6

that Idaho Code section 49-456 applies to *all* vehicles violating the requirements of the statute, not just vehicles registered in Idaho. *See Idaho State Athletic Comm'n ex rel. Stoddard v. Off. of the Admin. Rules Coordinator*, 173 Idaho 384, 402, 542 P.3d 718, 736 (2024) ("There is no reasonable construction of the phrase 'any administrative rule' that would suggest it was intended to limit legislative review to only final rules.").

Sherwood's argument on appeal ignores the use of "any" and focuses on the statutory definition of the word "registration." However, Idaho Code section 49-456 does not refer to any "registration." Rather, it refers to any "registration card or license plate." I.C. § 49-456(3). Sherwood's interpretation reads most of the phrase "any registration card or license plate" out of the statute. If the legislature intended the statute to apply only to Idaho registered vehicles, it could have drafted the statute to use the word "registration" instead of "*any* registration card or license plate." However, it did not. We decline to read the statute in a way that fails to give effect to all of the words contained within it. *State v. Adams*, 171 Idaho 347, 350, 521 P.3d 735, 738 (2022) (noting that the Court must give effect to all the words in a statute so that none are void).

We hold that the plain language of Idaho Code section 49-456 applies to all vehicles driven in Idaho, regardless of where they are licensed. The statute therefore applied to the Mercedes that Sherwood was driving, and the district court properly determined that it could provide the basis for reasonable suspicion to stop Sherwood. We affirm the district court's decision denying Sherwood's motion to suppress.

## B. The district court did not err by denying Sherwood's motion to dismiss because this Court's pandemic-related emergency orders provided good cause for the delayed trial.

Idaho law provides that, "unless good cause to the contrary is shown," the district court must dismiss a prosecution if the defendant is not brought to trial within six months from the date that the information is filed. I.C. § 19-3501(2). This Court has defined "good cause" to mean "that there is a substantial reason that rises to the level of a legal excuse for the delay." *State v. Clark*, 135 Idaho 255, 260, 16 P.3d 931, 936 (2000). Idaho Criminal Rule 28 sets forth six factors that the court "shall" consider when determining whether good cause exists for purposes of section 19-3501.

In this case, the Information was filed against Sherwood on May 17, 2021, during the COVID-19 pandemic. "In response to the pandemic and the statewide emergency declaration issued by Governor Brad Little, this Court issued a series of emergency orders restricting and/or postponing the commencement of jury trials." *State v. Mansfield*, ___ Idaho ___, ___, 559 P.3d

7

1177, 1187 (2024) (citations omitted). The emergency orders provided that jury trials were permitted to take place subject to an administrative district judge's evaluation of the incident rate of COVID-19 in each respective county. *See* Order, *In Re: Commencement of Jury Trials & Grand Jury Impanelment* (Idaho Feb. 3, 2021) ("Feb. 3 ISC Order"); Am. Order, *In Re: Emergency Order Regarding Ct. Servs.* (Idaho May 20, 2021) ("May 20 ISC Order"); Am. Order, *In Re: Emergency Order Regarding Ct. Servs.* (Idaho Jun. 25, 2021) ("Jun. 25 ISC Order"). The orders also provided that any delay caused by the orders from this Court or an administrative district judge would toll the time used to calculate the right to speedy trial under Idaho Code section 19-3501. Feb. 3 ISC Order ¶ 3; May 20 ISC Order ¶ 13; Jun. 25 ISC Order ¶ 10.

Sherwood's case was originally scheduled to go to trial on October 26, 2021, but was rescheduled once to accommodate a hearing on Sherwood's motion to suppress and then again a second time due to pandemic-related emergency orders suspending jury trials in Kootenai County. Sherwood later filed a motion to dismiss the charges on the basis that his trial would not occur within six months of the filing of the Information and therefore the State violated his right to a speedy trial under Idaho Code section 19-3501 and the United States Constitution.

The district court denied the motion after determining that this Court's pandemic-related orders tolled the speedy trial timeframe and therefore Sherwood's speedy trial rights had not been violated. The district court also concluded that the pandemic constituted good cause to delay Sherwood's trial. Sherwood's jury trial began March 1, 2022, over nine months after the Information was filed against him.

On appeal, Sherwood argues that the district court erred because this Court violated the Idaho Constitution's separation of powers provision when it issued orders tolling the operation of section 19-3501, a statute that was lawfully enacted by the legislative branch. Sherwood also argues that the district court erred because it failed to specifically address the factors set forth in Idaho Criminal Rule 28.

The State responds that Sherwood's separation of powers argument is not preserved for appeal because it is different than the argument he presented below. The State also argues that it was unnecessary for the district court to address each of the Rule 28 factors because the COVID-19 pandemic clearly constituted good cause for delay and the district court's analysis of Sherwood's federal constitutional speedy trial right addressed factors substantially similar to the Rule 28 factors.

Addressing these arguments in turn, we agree with the State that Sherwood's separation of powers argument was not preserved for appeal. In his brief to the district court, Sherwood argued that this Court's orders related to COVID-19 did not constitute good cause for the delay in his trial because the orders were unlawful. He argued this Court violated the separation of powers provision because its orders interfered with cases pending before district courts. On appeal, Sherwood argues that this Court violated the separation of powers provision because its orders interfered with a statute enacted by the legislature.

We hold that the argument that Sherwood makes on appeal is different than the one he made below and therefore it is not preserved for appeal. "[B]oth the issue and the party's position on the issue must be raised before the trial court for it to be properly preserved for appeal. . . . A groomed horse is expected on appeal, but a different horse is forbidden." *State v. Gonzalez*, 165 Idaho 95, 99, 439 P.3d 1267, 1271 (2019). Sherwood's separation of powers argument below focused on the jurisdictional differences between this Court and *district courts*. His argument on appeal focuses on the separation of powers between this Court and *the legislature*. Although both arguments invoked the separation of powers provision of the Idaho Constitution, they concern entirely different branches of government. As a result, Sherwood's argument on appeal is a new argument rather than a refinement of the one he raised below. We will not consider it for the first time on appeal.

Turning to the district court's good cause analysis, we hold that the district court did not err when it determined that good cause existed for the delay in Sherwood's trial. "[I]n determining whether good cause exists for not bringing a defendant to trial within the six-month timeframe under Idaho Code section 19-3501(2), a court's analysis should focus upon the reason for the delay." *Mansfield*, ___ Idaho at ___, 559 P.3d at 1186. Idaho Criminal Rule 28 sets forth six factors that the court shall consider when evaluating whether good cause exists for purposes of section 19-3501(2):

1) the length of the delay beyond the statutory timeframe;

2) whether there have been prior continuances and the reasons therefore;

3) the reason(s) for the current delay, including but not limited to: whether the delay was necessary to safeguard the health or safety of the parties, jurors, attorneys, witnesses, court staff, or the public, and whether the delay was necessitated by the declaration of an emergency by the President of the United States or the Governor of the State of Idaho;

9

4) whether and when the accused requested compliance with the statutory trial time requirements;

5) the prejudice, if any, to the accused of permitting the prosecution to proceed beyond the statutory trial time requirements; and,

6) any other factor the court deems relevant.

I.C.R. 28(1)–(6). Sherwood is correct that the district court's decision failed to specifically address the Rule 28 factors. While we agree that the district court should have analyzed each of the Rule 28 factors, its failure to do so does not mandate reversal here because the reason for the delay, the COVID-19 pandemic, is well-defined and constitutes good cause on its face.

This Court has held that, "[i]f the reason for the delay is well defined, and that reason on its face clearly establishes good cause, it is not necessary for the court to consider other factors in assessing whether there has been a violation of Idaho Code section 19-3501." *Mansfield*, ___ Idaho at ___, 559 P.3d at 1186. This Court has recently held in at least two cases that the COVID-19 pandemic is a justifiable delay for purposes of speedy trial. *State v. Ish*, 174 Idaho 77, ___, 551 P.3d 746, 759–60 (2024) (holding delays attributable to the COVID-19 pandemic constituted good cause for purposes of the federal speedy trial right); *Mansfield*, ___ Idaho at ___, 559 P.3d at 1188 (holding pandemic-related emergency orders constituted good cause for purposes of the state law speedy trial right). The same is true here. Because we affirm the district court's decision on this basis, we do not reach Sherwood's argument that the district court erred when it failed to specifically consider the Rule 28 factors.

## V.    CONCLUSION

For the reasons set forth herein, we affirm Sherwood's judgment of conviction.

Chief Justice BEVAN, Justices BRODY and MOELLER, and Pro Tem Justice NORTON CONCUR.

10